ISIDORE MARGEL, Respondent, v. EDISON REALTY CORPORATION, Appellant.— In an action by the contract vendor for specific performance of a contract for the purchase and sale of a parcel of land and tax liens on other parcels, the vendee counterclaimed for rescission and for the return of its down payment and expense of a search. The vendee appeals from an order and judgment (one paper) which granted the plaintiff's motion for summary judgment and denied its cross motion for similar relief. Order and judgment modified on the law by striking therefrom the ordering and decretal paragraphs, and the paragraph immediately preceding, and by substituting therefor the following: " ORDERED that plaintiff's motion insofar as it seeks judgment of specific performance be and the same hereby is denied; and it is FURTHER ORDERED that plaintiff's motion for summary judgment and defendant's cross motion for summary judgment be and they hereby are granted to the extent indicated herein, and it is FURTHER ORDERED that the amount of damages to plaintiff by reason of the breach of contract by defendant on March 24, 1953, be assessed by the Court; and it is FURTHER ORDERED that upon the assessment of the amount of damages, if any, the clerk shall enter judgment without costs, in favor of the plaintiff for the amount by which the damages may exceed the sum of $1950, the down payment, or in favor of the defendant for the sum of $1950 less any damages which may be assessed for plaintiff." As so modified, the order is unanimously affirmed and the judgment vacated, without costs. There is no dispute that the appellant failed to appear on the date set for the closing of title. Section 240-a of the Real Property Law does not deny a vendor the right to seek specific performance prior to the taking of title by eminent domain. When the contract here was entered into and until the date set for closing, title was in the vendor and no irrevocable act had been taken by the City of New York to condemn. The respondent, therefore, could seek specific performance after the breach. But the right to enforce the contract by specific performance ceased on May 13th when concededly, as appears by the affidavits in the application to this court for a stay, title vested in the City of New York. The order and judgment appealed from was not entered until the 14th of May. The respondent could not then convey title. (Cf. *Cohen* v. *A. F. A. Realty Corp.,*

250 N. Y. 262, 588.) The respondent, however, was by reason of the provisions of section 240-a of the Real Property Law entitled to recover damages by reason of the breach, and equity can retain the action to award that relief since when the action was instituted respondent was rightfully in equity. A reading of the discussion in law reviews at and prior to the adoption of section 240-a leads to the conclusion that the section does not deprive a vendor of a right to damages for breach of contract by the vendee where destruction or taking by eminent domain has not occurred prior to the date for closing. But in the absence of agreement therefor, specific performance cannot be decreed in favor of the vendor if destruction or taking occurs after breach but before judgment. (4 Williston on Contracts [Rev. ed., 1936], § 943A, p. 2638; Stone, Equitable Conversion by Contract, 13 Col. L. Rev. 369, 385; Simpson, Legislative Changes in the Law of Equitable Conversion by Contract, 44 Yale L. J. 559, 574, see, also, 1936 Report of N. Y. Law Revision Commission, pp. 759–780.) The example given by the commissioners in that report, wherein it is assumed that if a fire shall destroy premises after a breach by the vendee, he may nevertheless recover his down payment in the absence of agreement to the contrary, indicates that the commission assumed and intended that section 240-a will enjoin a vendor from enforcing, by action, specific performance, if, before decree, possession or title is not in the vendee and title to the land is taken by eminent domain, even if breach of contract by the vendee has theretofore occurred for which the vendor can recover damages. Present — Adel, Acting P. J., Wenzel, MacCrate, Schmidt and Beldock, JJ.