William W. Serra J.
This is a motion for an order pursuant to CPLR 404 to strike new matter for the answer in a proceeding for the taking of lands by eminent domain under the Condemnation Law of the State of New York and/or summary judgment dismissing the answer as to the Niagara Mohawk Corporation, hereinafter referred to as Niagara Mohawk. The particular allegations sought to be stricken from the answer read as follows: “4. Answering paragraph Sixth of petition, this respondent alleges that it is the equitable owner, pursuant to a contract of sale, of a portion of the premises described in the petition, being a strip of land 100'± in width and 3250'± in length extending in a southeasterly direction across the lands of the seller, bounded on the north by the lands of Karl B. Vossler, reputed owner, and on the east by the lands of Lyle R. Slingerland, reputed owner, containing 7.5 acres of land, more or less; said premises are more specifically located on the survey attached hereto and marked Exhibit A.”
A study of the affidavits shows that the respondent Niagara Mohawk, on August 27, 1967, signed an instrument entitled, “ OPTION AGREEMENT” with Edward M. Hawley and Judy A. Hawley, the then owners of the land now sought to be condemned. The agreement in substance provides for an option to purchase in fee a strip of land 100 feet by 3,250 feet, being 7.5 acres, more or less, across lands owned by the Hawleys. The terms of the agreement as to the consideration for the exercise of option clause are stated as follows: “ for the sum of One Thousand-Dollars as follows: $1.00 upon the execution and delivery of this option, $99.00 upon the acceptance of this option by Purchaser as hereinafter provided, and the balance *388 of the purchase price, to wit, $900.00 in manner following: Upon closing ”
The petitioner’s affidavit alleges that the Niagara Mohawk forwarded its option acceptance check to the mortgagee. The answering affidavit denies this, and shows that thereafter, on November 17, 1967, and within the time allowed therefor, the respondent, Niagara Mohawk’s attorney mailed a Niagara Mohawk Power Corporation check, enclosed as required by the option, in a registered letter, to Mr. and Mrs. Edward M. Hawley at B. D. 2, Wellsville, New York. The check was for $99. It was payable jointly to the Hawleys and the Farmer’s Home Administration, holder of a mortgage on the property. The allegation that the check was never cashed is not denied by the respondent in the answering affidavit. The petitioner alleges that the Farmer’s Home Administration, an agency of the United States of America, as mortgagee, did not consent to the option agreement and would not release the option property from the lien of its mortgage. This is not denied in the answering affidavit. On February 2, 1968, the Hawleys conveyed their farm, containing the lands which are the subject of this proceeding and including the lands optioned to Niagara Mohawk, to Doran L. Shu-tt and Wilma E. Shutt, who join herein in the application of the Town of Wellsville. The Hawleys, on the same day, assigned to the Shutts their interest in the Niagara Mohawk option agreement “ together with all moneys due and owing under said agreement.” The Shutts further, and at the foot of the same assignment, accepted the assignment and assumed fulfillment of the obligation of the Hawleys in the option.
Niagara Mohawk claims, based upon these facts, that it, by exercise of its option, became entitled to immediate rights of access and use which are a valuable and compensable part of the fee when the lands were taken by eminent domain. The respondent, Niagara Mohawk, further claims exercise of possessory rights by virtue of the preparation of a survey shown in the answer herein, which survey bears date “ 11/67.”
Tender of the condition necessary to exercise the option must be made in accordance with the terms of the option contract. (Wheelock v. Tanner, 39 N. Y. 481; Gram v. Mutual Life Ins. Co., 300 N. Y 375.) The owner of property is under no obligation to involve his mortgagee in temporary possessory or access rights. The mortgagee, indeed, had no right to interfere with the exercise of possession by the mortgagor except by the foreclosure of the mortgage. (Holmes v. Gravenhorst, 263 N. Y. 148.) Taking as true the Niagara Mohawk’s most favorable *389 version of the tender, Niagara Mohawk had no right to condition its tender of $99 for exercise of the option on the indorsement of its check by the mortgagee. The effect of this qualified tender was then to compel the mortgagor to go to the mortgagee for a waiver or release of its security or to be unable to cash the check. This was not a proper compliance with the terms of the option agreement by Niagara Mohawk. The option agreement further provided as follows: “It is further agreed that this contract shall be closed, the payments made and the deed shall be delivered at the office of the Clerk of the County of Allegany within 120 days after the acceptance of this option, or upon such other date as shall be mutually agreed upon by the parties hereto.”
No one pretends that the transfer was ever consummated or that as of the taking under this condemnation any title has ever been tendered or conveyed to Niagara Mohawk, nor has any attempt been made by the Hawleys, the Shutts or Niagara Mohawk to enforce the option contract for the intervening period of more than 14 months prior to the taking by eminent domain on February 1, 1969. Since the contract calls for marketable or insurable title to the fee of the lands to be conveyed before the title passed, clearance of the mortgage lien would be required at that time. Niagara Mohawk, however, under its option had no right to involve the mortgagee or demand its signature before accrual of its right to a conveyance. The mere fact that by separate assignment, the Hawleys and Shutts acknowledged the option agreement between themselves and accepted it for what rights or obligations it may have involved as between themselves at the time of the sale of the farm does not change or enhance the rights of Niagara Mohawk Power Corporation which was not involved as a party to the sale between the Hawleys and the Shutts. Surveying the land at or about the time of the alleged exercise of the option agreement to obtain a better description of lands proposed to be conveyed, can, as a matter of law, hardly be called possessory user of the access right, or an acceptance of the option where not otherwise accepted. No other claim of possession is made.
The application herein has been verified and is not sworn to with the usual jurat. The court has treated this as an affidavit nevertheless. (Patterson v. Brooklyn, 6 App. Div. 127; Matter of Bristol v. Buck 201 App. Div. 100, affd. 234 N. Y. 504; CPLR 3020.)
Under the provisions of section 5-1311 of the General Obligations Law, when neither the legal title nor possession of the subject matter of the contract has been transferred to the *390 purchaser, if the subject lands are taken by eminent domain, the vendor cannot enforce the contract and the purchaser is entitled to recover any portion of the price that he has paid. It would appear that the respondent, then, having paid $1 for an option it has never validly exercised, has, as a matter of law, no further interest in the premises being condemned, the consideration of the granting of the option having been performed and its maturation into a purchase contract having never taken place and being now expired. Niagara Mohawk has neither title nor possession of the premises and claims in its own verified answer only an equitable title to the premises. The affidavits show, on their face, no valid triable issue of fact. The court finds nothing inconsistent herewith in the case of Matter of County of Westchester v. P. & M. Materials Corp. (20 A D 2d 431). In Fatscher v. South Shore Skate Club (24 A D 2d 462) the purchaser had obtained an.order directing specific performance, later affirmed by the Appellate Division, Second Department, vesting title as of a date before the taking. This case is obviously not controlling as title has not passed to Niagara Mohawk on any theory. Paragraph 4 of the answer is stricken and the application for summary judgment in favor of the petitioner Town of Wellsville and the respondents Doran Shutt and Wilma Shutt and against the respondent Niagara Mohawk Power Corporation is granted.