■ JANE DOE, Respondent-Appellant, v. JOAN ROE et al., Appellants-Respondents. — Resettled order of Supreme Court, New York County, entered

May 17, 1973, granting, to a limited extent only, plaintiff's motion for a preliminary injunction, unanimously modified, on the law and in the exercise of discretion, to the extent of enjoining, during the pendency of this action, all distribution of the book in issue, upon condition that plaintiff increases her undertaking to $5,000. Except as so modified, said order is affirmed, with $40 costs and disbursements to plaintiff. The underlying issue in this action involves the right of a former patient to restrain her analyst's disclosure, through the means of a commercial book, of certain confidential communications. It is undisputed that the publication sought to be enjoined relates to the case history of plaintiff and her family. Plaintiff claims the near-verbatim record of her psychotherapeutic treatment constitutes a breach of confidence and an invasion of her right of privacy. Defendants contend, inter alia, that the limited injunction granted below is an invalid prior restraint (Near v. Minnesota, 283 U. S. 697). Special Term refused to apply the doctrine of prior restraint to the instant case but, because of the claimed scientific value of the disclosure, enjoined only such distributions as were not reasonably calculated to reach the scientific reader. While we agree with Special Term that the granting of a preliminary injunction, under the circumstances here disclosed, would not constitute an invalid prior restraint upon publication, we find no justification for the distinction attempted to be drawn between "scientific readers" and the general public. Pending the outcome of this litigation plaintiff is entitled to either full protection or to no protection at all. We are of the view that, upon the record before us, she is entitled to full effective interim relief. Not every prior restraint is prohibited (cf. Kingsley Books v. Brown, 354 U. S. 436). The claimed justification for publication, resting on the alleged consent of plaintiff and the attempt to disguise her identity, does not provide a sufficient valid basis for denying the application. Defendants also assert that no cause of action for a breach of confidentiality exists on the facts pleaded and that plaintiff cannot obtain relief under sections 50 and 51 of the Civil Rights Law, since those sections are inapplicable to a truthful, educative, nonfiction book on the subject of mental illness. Defendants' manner of advertising and selling the book, however, would seemingly contradict their avowed purpose of solely advancing scientific knowledge. In light of the expanding recognition of invasion of privacy actions (cf. Griswold v. Connecticut, 381 U. S. 479; Roe v. Wade, 410 U. S. 113; Nader v. General Motors Corp., 25 N Y 2d 560), and in view of the confidentiality accorded the physician-patient relationship, we believe that plaintiff has alleged a cognizable claim for relief and has made a sufficient showing to warrant the granting of the provisional remedy requested. Settle order on notice which shall provide, inter alia, for the granting of a preference for an early trial upon application of either party. Concur — Markewich, J. P., Murphy, Lane and Tilzer, JJ.