OPINION OF THE COURT
John S. Lockman, J.
Motion by plaintiff for leave to reargue the decision of this court in the above-entitled matter dated January 3, 1980, is granted and, upon the reargument, the motion by plaintiff to dismiss the first and second affirmative defenses (CPLR 3211, subd [b]) and for summary judgment (CPLR 3212) is granted. With regard to the request for a receiver the court adheres to its original decision.
On March 14, 1979, plaintifi] and defendant entered into a *537 contract pursuant to which plaintiff was to purchase from defendant a restaurant business known as "Sages”. The down payment was $5,000 which was to be held in escrow by the seller’s attorney until closing. Paragraph 11 of the contract provided: "Closing of title shall take place at the office of the Seller’s attorney at 10:00 a.m. on the first, second or third Monday following notification that the buyer has obtained its liquor license, the choice of which Monday shall be the Buyer’s.”
In an unrelated action a David Franklin sued defendant and Peter Norberto upon an agreement to purchase an interest in the defendant corporation. Franklin recovered a judgment on April 25, 1979, and served a restraining notice on defendant pursuant to CPLR 5222 on the following day. Plaintiff notified defendant by certified letter on June 5, 1979 that the State Liquor Authority had acted favorably upon its liquor license application and set June 11, 1979 as the date of the closing. By letter dated June 7, 1979, defendant responded that it was prevented from closing due to Franklin’s restraining notice. On June 13 plaintiff again wrote to demand a closing but the demand was apparently rejected.
On August 7, 1979, the Appellate Division affirmed the judgment against defendant but modified it in a way not here significant. The decision said, inter alia: "In any event, in view of the fact that the defendants have deposited the full sum of the judgment awarded, plus interest, plaintiff may now obtain satisfaction thereof.” (Franklin v Pee Dee Jay Amusement Co., 71 AD2d 866, 868-869.) Eight days later, on August 15, 1979, the instant action was commenced by service of the summons and complaint. By letter dated August 21, 1979, defendant purported to fix a closing date for August 27, 1979, announcing that at that time it would be ready, willing and able to perform its obligations.
Upon the prior application the parties were not overly generous in supplying the court with authority for their various arguments and the court denied the application. Upon this application for reargument the court has re-evaluated the merits and arrived at a different conclusion.
The defendant’s answer raises only a relatively few issues. By the first affirmative defense and the denial of paragraph 10 of the complaint defendant contests plaintiff’s performance of the conditions precedent to defendant’s obligation of performance. CPLR 3015 (subd [a]) provides: "The performance or *538 occurrence of a condition precedent in a contract need not be pleaded. A denial of performaiice or occurrence shall be made specifically and with particularity. In case of such denial, the party relying upon the performance or occurrence shall be required to prove on trial only such performance or occurrence as shall have been so specified.” Defendant attempts to raise an issue as to the performance by plaintiff of the conditions precedent relating! to securing a liquor license. Though not mentioned in the ainswer, defendant contends that certain material information was not divulged to the State Liquor Authority in violation of plaintiff’s obligation under paragraph 8 of the contract. The contract is made contingent upon plaintiff’s securing a liquor license. The concomitant obligation was imposed upon plaintiff to make a good faith effort to secure a license. The license having been obtained and the contingency which might have released plaintiff not having been realized, the condition precedent has clearly been performed. Thus, the first affirmative defense is without merit.
The second affirmative defense alleges that the plaintiff breached the contract by not attending and proceeding with the closing on August 27, 1979: As noted above, paragraph 11 of the contract gave the purchaser, rather than the seller, the choice as to closing date. For tender of performance to effectively impose upon the other party the obligation to perform, the tender must be in accordance with the terms of the contract. (Wheelock v Tanner, 39 NY 481; Gram v Mutual Life Ins. Co. of N. Y., 300 NY 375; Matter of Town of Wellsville v Shutt, 60 Misc 2d 386.) Defendant’s tender was clearly not in accordance with the terms of the contract.
The final issue raised by the defendant’s answer is whether the restraining notice served by judgment creditor Franklin justified defendant’s refusal to perform. The Court of Appeals has held that a court order procured by a stranger will not justify a failure to perform a contract. (Wilkinson v First Nat. Fire Ins. Co. of Worchester, Mass., 72 NY 499, 505.)
"No doubt if the legal proceedings interfering with performance of the promise are in any way due to the fault of the promisor, as an attachement or receivership to collect a debt or debts rightfully due by him, the interference should constitute no defense, not because it is not the act of the law, but because the impossibility is primarily due to the promisor’s own fault, not to fortuitous circjumstances beyond his control.” *539 (18 Williston, Contracts [3d ed], § 1939, p 48; 6 Corbin, Contracts, § 1346, pp 428-429.)
Contrary to the assertion by defendant’s attorney in his letter of August 21, 1979, that the Appellate Division had reversed the decision resulting in the judgment in favor of Franklin, that court, in fact, affirmed so much of the lower court’s decision as granted summary judgment against the defendant for an unpaid debt. (Franklin v Pee Dee Jay Amusement Co., 71 AD2d 866, supra.) Since the restraining notice issued by Franklin is ultimately traceable to another default by defendant in the discharge of a lawful obligation, it affords defendant no excuse for its failure to perform on June 11, 1979. This is a particularly appropriate rule in the instant case where defendant, having posted security to stay enforcement proceedings pending appeal (CPLR 5519, subd [a], par 2), could have applied to have the restraining notice canceled. (Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C5222:7, p 191 et seq.) Moreover, by a rider to the principal agreement which has been offered by defendant for the court’s consideration, it appears that plaintiff had agreed to pay any judgment Franklin secured against defendant.