UNITED STATES of America, Plaintiff,

v.

21.5 ACRES, et al., Defendants.

No. 83 Civ. 5047 (JFK).

United States District Court,
S.D. New York.

March 30, 1984.

Rudolph W. Giuliani, U.S. Atty., S.D. N.Y., by Jordan Stanzler, Asst. U.S. Atty., New York City, for plaintiff.

Greene & Zinner, by Stanley S. Zinner, White Plains, N.Y., for defendant Waccubuc Entities.

S. Martin Gordon, Spring Valley, N.Y., for defendants Carl Kamhi and Louis Boniello.

## OPINION AND ORDER

KEENAN, District Judge.

In 1963, the federal government leased the 21.5 acres of real property located in Westchester County that is the subject of this action to erect a radar station necessary for a safe air navigation system. In 1983, the Federal Aviation Administration (FAA), in accordance with the Federal Aviation Act of 1958 and the Land Takings Act of 1888, determined that it was necessary for the government to condemn the land. A condemnation action was initiated.

The government moved for a judgment on the pleadings. Waccubuc Equities, the record owner of the property, did not oppose this motion. Carl Kamhi and Louis Boniello, with whom Waccubuc had contracted for the sale of the property before the condemnation proceedings were instituted (the "Contract Vendees"), objected to the extent of the interest in the property that the government sought to condemn and opposed the motion on this ground. By order of this Court, dated March 14, 1984, the motion of the government was granted.

At the time it filed its papers stating that it did not oppose the government's motion for judgment on the pleadings, Waccubuc moved for dismissal of the cross-claims against it asserted by the Contract Vendees in their answer to the complaint in condemnation. The cross-claims allege that Waccubuc wrongfully usurped certain rights it had granted to the Contract Vendees under a contract of sale for the property and acted wrongfully to defeat the Contract Vendees' interest in the property. Damages in the amount of $500,000 for breach of contract or a judgment that the Contract Vendees have continuing property rights in the contract of sale are sought.

On October 20, 1978, Waccubuc and the Contract Vendees [1] entered into a contract of sale whereby Waccubuc had three years to get approval of a subdivision plan dividing the property into nine lots from the Town of Lewisboro. Those lots were then to be conveyed to the Contract Vendees for a total price of $270,000. The contract provided that this price was to be reduced pro rata if approval for less than nine lots was obtained. The Contract Vendees were granted the right to negotiate with the FAA for renewal of the lease term to which the property was subject and the right to receive all rental payments collected from the government on the outstanding lease, effective once they made the down

---

1. The Contract of sale was originally entered into by Waccubuc and Boniello. Subsequent agreements, however, resulted in the contract running in favor of both Boniello and Kahmi as vendees.

payment on the property. The contract also provided that the Contract Vendees would pay taxes on the property.

Approval was obtained for subdividing the property into two lots only. Waccubuc sought to amend the contract of sale so that it could tender the whole parcel of property divided into only two lots, instead of nine, for the full $270,000. In May of 1982, the Contract Vendees commenced an action in the Supreme Court of the State of New York, seeking a declaration that the contract was valid and enforceable, in accordance with its terms, and that the Contract Vendees were entitled to conveyance of the property for $60,000.[2] Rental payments collected by Waccubuc from the FAA and an injunction against Waccubuc from negotiating with the government for renewal of the lease term were also sought. Waccubuc counterclaimed for rescission of the contract. On December 15, 1983, the Supreme Court granted partial summary judgment in favor of the Contract Vendees on the claim for the rental payments. The remainder of the state action is still pending.

## DISCUSSION

The first claim sought to be dismissed by Waccubuc's motion alleges that Waccubuc wrongfully negotiated with the federal government for renewal of the lease term. The Contract Vendees contend that Waccubuc wrongfully terminated the right granted to them under the contract to negotiate for renewal of the lease term and then conducted the negotiations itself, requesting such exhorbitant rental payments that the government determined that it would be more beneficial to condemn the property. The Contract Vendees claim that Waccubuc did this for the purpose of defeating the Contract Vendees' rights to the property, the value of which had substantially increased since the date the contract was made.

■ Under New York law, condemnation of all or a material part of property that is the subject of a contract to convey relieves the vendor of the obligation to deliver title to the property if neither legal title, nor possession has been transferred to the vendee. New York Gen.Oblig. Law § 5–1311. The contract vendee is entitled to recover the money it paid on the contract, but is not entitled to specific performance, the value of the contract or consequential damages under such circumstances. *Town of Wellsville v. Shutt*, 60 Misc.2d 386, 303 N.Y.S.2d 121, 125 (Allegheny Cty.Ct. 1969), *aff'd*, 40 A.D.2d 953, 339 N.Y.S.2d 672 (4th Dept. 1972); *County of Westchester v. P. & M. Materials Corporation*, 20 A.D.2d 431, 248 N.Y.S.2d 539, 541–42 (2nd Dept. 1964). The Contract Vendees claim that Waccubuc knew that if the property was condemned section 5–1311 would operate, in effect, to rescind Waccubuc's obligation under the contract to deliver title to the land to the Contract Vendees.

This cross-claim should be dismissed, Waccubuc argues, because the Contract Vendees lack standing to interpose it in this action. Waccubuc contends that because section 5–1311 divests contract vendees who are out of possession and, without legal title, of any rights in the condemned property, the Contract Vendees had no standing to oppose the condemnation proceeding. Without standing to oppose the condemnation, Waccubuc argues that no basis for federal jurisdiction over the Contract Vendees' cross-claims exists. Because the cross-claims are state law claims and the parties are not of diverse citizenship, this Court lacks jurisdiction over the cross-claims if they cannot be pended to a valid federal claim.

■ The Contract Vendees, however, had standing to oppose the condemnation. Section 5–1311 does not cover a pending condemnation. *Creative Living, Inc. v. Steinbrenner*, 78 Misc.2d 29, 355 N.Y.S.2d 897, 902 (Sup.Ct. Bronx Cty. 1974), *aff'd*, 47

---

**2.** The Contract Vendees argue that the provision that the purchase price would be produced pro rata if approval for less than nine lots was obtained meant that the contract price would be reduced by $30,000 for each lot less than nine that was tendered.

A.D.2d 598, 365 N.Y.S.2d 987 (1st Dept. 1975). Only a judgment in condemnation prevents specific performance of a contract to convey property. Commencement of the action in condemnation, therefore, did not divest the Contract Vendees of the property interests created by the contract. As the Contract Vendees had standing to object to the condemnation, they had standing to interpose the cross-claims. Section 5–1311 does not bar an action for breach occurring prior to a taking. *Margel v. Edison Realty Corp.*, 282 A.D. 954, 125 N.Y.S.2d 810, 811–12 (2d Dept.1953). The claim that Waccubuc's negotiations for renewal of the lease term were wrongful and conducted in bad faith, causing damage to the Contract Vendees in the amount of $500,000 is such a claim and thus is not dismissed for lack of standing.

■ The second cross-claim that Waccubuc requests the Court to dismiss alleges that the Contract Vendees have continuing property rights in the contract of sale. The Contract Vendees contend that the property rights granted to them under the contract, amounted to a "possession" under section 5–1311 and, thus, that the statute does not affect their property interests as they were not out of possession. Whether the right to negotiate for a lease renewal and to collect rents on the property and the obligation to pay and the payment of taxes on the property amount to a "possession" under section 5–1311 is a question of fact to be determined by reference to state law. Waccubuc's motion does not address the issue of whether the rights granted to Contract Vendees under the contract amounted to a "possession." Its motion, therefore does not dispose of this claim.

Waccubuc also argues that the relief the Contract Vendees seek in this action can be afforded in the state court where an action on the contract is already pending and that, consequently, the Court should defer to the New York court and dismiss the cross-claims. On the other hand, the Contract

Vendees argue that the dispute arises out of the condemnation and, thus, should be adjudicated by this Court.

■ When similar actions are pending in state and federal court, the federal court can, in the interests of economy and sound judicial administration, defer to the state action and abstain from exercising its jurisdiction. *Moses H. Cone Memorial Hospital v. Mercury Construction Corp.*, 460 U.S. 1, 103 S.Ct. 927, 935–37, 74 L.Ed.2d 765 (1983); *Will v. Calvert Fire Insurance Co.*, 437 U.S. 655, 662–64, 98 S.Ct. 2552, 2557–58, 57 L.Ed.2d 504 (1978); *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 817–19, 96 S.Ct. 1236, 1246–47, 47 L.Ed.2d 483 (1976). Because of the "virtually unflagging obligation of the federal courts to exercise the jurisdiction given them," *Colorado River Water Conservation District, supra,* 424 U.S. at 817, 96 S.Ct. at 1246, however, this power to abstain should be exercised only in "exceptional circumstances." *Moses H. Cone Memorial Hospital, supra,* 103 S.Ct. at 936–37; *Colorado River Water Conservation District supra,* 424 U.S. at 818–19, 96 S.Ct. at 1246–47. The decision whether to defer to a similar state action rests on a careful balancing of the court's obligation to exercise jurisdiction against the factors counseling against that exercise, "with the balance heavily weighted in favor of the exercise of jurisdiction." *Moses H. Cone Memorial Hospital, supra,* 103 S.Ct. at 937; accord, *Colorado River Water Conservation District, supra,* 424 U.S. at 818–19, 96 S.Ct. at 1246–47.

To determine whether abstention is appropriate the Court must analyze the respects in which the actions are similar. The claims that remain pending in the state court action seek a declaration that the contract is valid and enforceable and an injunction against further negotiations with the government for renewal of the lease term.[3] Adjudication of these claims requires a determination of whether the con-

---

3. As the land has been condemned, these specific requests for relief have been mooted. The state court, however, could award money damages to the Contract Vendees for breach of contract.

tract is valid and a determination of whether Waccubuc acted wrongfully in negotiating for renewal of the lease term. Both determinations are necessary for adjudication of the Contract Vendees' first cross-claim. However, that claim requires the additional determination of whether Waccubuc conducted the negotiations in bad faith to induce the government to condemn the land, thereby defeating the Contract Vendees' property rights. The second cross-claim poses questions concerning what constitutes possession under section 5–1311. These questions also have not been raised in the state court action.

Ordinarily, the order in which actions have been filed is a factor in determining whether to defer. *See Colorado River Water Conservation District, supra,* 424 U.S. at 818, 96 S.Ct. at 1246. More important, in determining priority, however, is how much progress has been made in the two actions. *Moses H. Cone Memorial Hospital, supra,* 103 S.Ct. at 940. Although the state court action was commenced almost one and a half years earlier and summary judgment was entered in that action on one of the Contract Vendees' claims, the claims that are similar to those made in this action remain to be resolved. In addition, the Contract Vendees would be required to amend their state court pleadings to receive the same relief that they seek in this action. It is likely, therefore, that the controversy can be resolved more completely, fairly and quickly in this action. Thus, although there is no federal interest in resolving this dispute in federal rather than state court, this Court declines to defer to the state action.

Waccubuc's motion for dismissal of the Contract Vendees cross-claims is denied.

SO ORDERED.