■ PETER BLICKLEY et al., Appellants, v ROBERT SENA et al., Individually and Doing Business as 2554 CRESTON ASSOCIATES, Respondents. [603 NYS2d 309] —Order, Supreme Court, Bronx County (Barry Salman, J.) entered July 6, 1993, which upon reargument adhered to the original determination of the

court, entered April 27, 1992 granting defendants' motion for summary judgment dismissing the complaint and denying plaintiffs' cross motion to serve an amended complaint, unanimously affirmed, without costs.

Order of the same court and Justice, entered April 27, 1992 dismissed as subsumed.

Plaintiff, a police officer, was injured when he used a one man battering ram to break down an apartment door of the subject premises to effectuate the arrest of a suspected drug dealer. The door gave way after only one blow, causing plaintiff officer to fall to the ground and allegedly sustain a back injury.

The IAS Court properly dismissed the complaint based upon General Municipal Law § 205-e against defendants, owners of a building located in the Bronx because plaintiff's complaint failed to assert any specific violation of a particular ordinance, rule, regulation or order by defendants to provide the requisite underlying basis for a section 205-e claim.

The IAS Court's denial of plaintiffs' cross motion for leave to serve an amended complaint asserting defendants' violation of Real Property Law § 231 was not an abuse of discretion as the proposed amendment plainly lacked merit (see, Costantini v Benedetto, 190 AD2d 888, 889). Real Property Law § 231 imposes a statutory duty on a landlord to evict persons engaged in drug activities, gambling or prostitution, or face potential liability for an individual's injuries as a result of the illegal activities (see, Beatty v National Assn. for Advancement of Colored People, 194 AD2d 361, 364). However, the statute presumes knowledge only where there have been two or more convictions for gambling or prostitution within one year. There were no such convictions here. Plaintiffs' claim that defendants were aware of such activities was unsubstantiated and insufficient to support the proposed amended pleading. Concur—Carro, J. P., Rosenberger, Kassal and Rubin, JJ.