■ THOMAS R. FLORIO et al., Respondents, v CITY OF NEW YORK et al., Defendants, and TISHMAN CONSTRUCTION COMPANY OF NEW YORK, INC., Appellant. [640 NYS2d 92] —Order, Supreme Court, New York County (Salvador Collazo, J.), entered June 2, 1995, which, *inter alia*, granted plaintiffs' motion to renew and reargue and, upon such renewal and reargument, granted them leave to amend the complaint to add a cause of action pursuant to General Municipal Law § 205-e, and denied defendant Tishman Construction Company of New York's cross-motion for summary judgment, is unanimously reversed, on the law, the facts and in the exercise of discretion, without costs, the plaintiffs' motion is denied and the cross-motion for summary judgment is granted in favor of defendants Tishman and the City of New York. The clerk is directed to enter judgment in favor of defendant-appellant and defendant the City of New York dismissing the complaint as against them and severing the action as to them.

Plaintiff is a New York City police officer who, while alighting from the roof of a building after the completion of a buy and bust operation, stepped on a rusted screw that was attached to a piece of wood located among some construction debris. The building where the debris was located is owned and operated by the City and was in the process of being rehabilitated by Tishman.

General Municipal Law § 205-e was enacted following the Court of Appeals' decision in *Santangelo v State of New York* (71 NY2d 393), creating a right of action for police officers who are injured in the line of duty as the result of a defendant's

violation of a statute, rule, ordinance or regulation, etc. It is well-settled that in pleading a cause of action under General Municipal Law § 205-e, the complaint must specify the specific statute, rule, regulation or ordinance which the defendant allegedly violated (*see, MacKay v Misrok*, 215 AD2d 734; *Blickley v Sena*, 198 AD2d 110; *Maisch v City of New York*, 181 AD2d 467).

Despite the fact that the within matter was commenced in November 1989, plaintiffs failed to cure their pleading defect for five and one-half years despite repeated requests by the defendants and orders from the court that they particularize the statute(s) or regulation(s) that were purportedly breached. Indeed, they did not furnish such information despite stipulating to do so, as well as specific court direction and ample opportunities to comply. Accordingly, the IAS Court abused its discretion when it allowed plaintiffs another chance to plead a viable cause of action against the defendants.

Further, motions for summary judgment search the record and, on appeal, this Court may grant summary judgment to a nonappealing party (*Merritt Hill Vineyards v Windy Hgts. Vineyard*, 61 NY2d 106, 110-111; *Oringer v Rotkin*, 162 AD2d 113, 114). Here, the complaint must fail against the City for the same pleading defect as found against Tishman.

We have reviewed plaintiffs' remaining contentions and find them to be without merit. Concur—Sullivan, J. P., Rosenberger, Nardelli, Williams and Tom, JJ.