■ PAULINE SHERBA, Appellant, v MIDSTATE PRECAST SYSTEMS, INC., et al., Respondents. [646 NYS2d 219] —Spain, J. Appeal from that part of an order of the Supreme Court (Monserrate, J.), entered August 23, 1995 in Broome County, which partially denied plaintiff's motion for summary judgment.

Defendant Midstate Precast Systems, Inc. (hereinafter defendant), through its attorney, ordered an expedited transcript of a trial from plaintiff, an official court reporter. Plaintiff promised to deliver the volumes "as they are completed" at the rate of $3 per page. Defendant initially paid plaintiff a down payment of $8,125, representing half of the estimated total cost. In a letter acknowledging receipt of the down payment, plaintiff stated that "[t]he total cost of the transcript is based on $3.00 per page and will be due when the last volume is delivered". Plaintiff delivered each volume to defendant's attorney as it was completed, except the last two volumes. When the last two volumes were completed, plaintiff sent defendant's attorney a letter stating that she would forward them to him "immediately upon receipt of the balance due". Plaintiff forwarded correspondence and bills to defendant's counsel over the course of approximately 10 months, to no avail. Defendant's counsel later testified during discovery that all correspondence and billing which he received was forwarded to defendant.

Plaintiff initiated the instant action seeking judgment in the amount of $8,125, representing the balance due, plus interest. Defendant answered, asserting a defense of breach of contract and counterclaiming for the amount previously paid to plaintiff. After extensive discovery, plaintiff moved for summary judgment or, in the alternative, permission to amend her complaint to add a cause of action for punitive damages. Supreme Court dismissed defendant's counterclaim and granted plaintiff partial summary judgment awarding her payment at the rate of $3 per page for those volumes actually delivered, for a total of $6,521, plus interest. However, the court found an issue of fact as to whether plaintiff is entitled to payment for the two undelivered volumes and denied plaintiff's motion to add a cause of action for punitive damages. Plaintiff moved, *inter alia*, to reargue. Defendant crossmoved to amend its answer to add a counterclaim and to seek sanctions. Supreme Court denied plaintiff's motion to reargue and granted defendant's motion to amend its answer only to the extent of allowing defendant to add a counterclaim. Plaintiff appeals from that part of the order which partially denied her motion for summary judgment.

The unambiguous terms of the parties' agreement, as drafted by plaintiff, provided that the volumes would be delivered as they were completed and that payment "will be due when the last volume is delivered". However, when the last two volumes were completed, plaintiff altered the terms of the bargain, stating "I will forward [the last two volumes] * * * im-

mediately upon receipt of the balance due". Because plaintiff offered to perform (deliver the volumes) only after receiving payment, not concurrently with receiving payment as required by the contract, we conclude that plaintiff's tender of performance was not in accordance with the terms of the original contract. "A plaintiff seeking to maintain an action for * * * damages for nonperformance of a contract must demonstrate that a tender of his or her own performance was made" (*Madison Invs. v Cohoes Assocs.*, 176 AD2d 1021, *lv dismissed* 79 NY2d 1040). Plaintiff argues that her offer to perform is tantamount to performance. However, it is well settled that for a tender of performance to equate with performance, the offer "must be in accordance with the terms of the contract" (*Studio No. 54 Disco v Pee Dee Jay Amusement Corp.*, 104 Misc 2d 536, 538, *revd on other grounds* 81 AD2d 911).

Where parties rely upon a written agreement and the facts of the matter are not in dispute, the interpretation of that agreement presents an issue of law which the court may determine on a motion for summary judgment (*see, Solow Mgt. Corp. v Hochman*, 191 AD2d 250, 251, *lv dismissed* 82 NY2d 802; *Tantleff v Truscelli*, 110 AD2d 240, 244, *affd* 69 NY2d 769; *Keith v Houck*, 88 AD2d 763, 764). Further, on a motion for summary judgment appellate courts may search the record and grant summary judgment to the nonmoving, nonappealing party without the necessity of a cross motion or a cross appeal (*see, Merritt Hill Vineyards v Windy Hgts. Vineyard*, 61 NY2d 106, 111; *Florio v City of New York*, 226 AD2d 148, 149; *Oringer v Rotkin*, 162 AD2d 113, 114; *Grimaldi v Pagan*, 135 AD2d 496; *see also*, CPLR 3212 [b]). Accordingly, we conclude that plaintiff is not entitled to payment for the remaining volumes and that her complaint, to the extent that it seeks payment for the undelivered volumes, should be dismissed.

Mercure, J. P., Crew III, Casey and Peters, JJ., concur. Ordered that the order is modified, on the law, without costs, by granting defendant summary judgment on that portion of the complaint seeking payment for the final two volumes, and, as so modified, affirmed.