■ JEFFREY KARP et al., Plaintiffs, v FEDERATED DEPARTMENT STORES, INC., Doing Business as MACY'S, Defendant and Third-Party Plaintiff-Respondent. FLOWERAMA WEDDING CENTERS, INC., Third-Party Defendant-Appellant, et al., Third-Party Defendant. [754 NYS2d 27] —In an action to recover damages for personal injuries, etc., the third-party defendant Flowerama Wedding Centers, Inc., appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (McCarty, J.), entered December 24, 2001, as granted that branch of the cross motion of the defendant third-party plaintiff which was for summary judgment on the issue of liability on the first cause of action of the third-party complaint and denied that branch of its motion which was for summary judgment dismissing that cause of action.

Ordered that the order is affirmed insofar as appealed from, with costs.

The third-party defendant Flowerama Wedding Centers, Inc. (hereinafter Flowerama), a retail wedding products and services company, had a license agreement with the defendant third-party plaintiff, Federated Department Stores, Inc., doing business as Macy's (hereinafter Federated), to operate wedding centers in designated Macy's department stores. Pursuant to the agreement, Flowerama was obligated to indemnify Federated for injury to Flowerama's representatives, invitees, or customers except if the injury resulted directly or solely from Federated's gross negligence or willful misconduct.

Flowerama was also responsible for renovation and repair of the selling space as necessary. The plaintiff Jeffrey Karp, who was on the premises at Flowerama's behest, was injured while removing debris that had accumulated during renovation of Flowerama's selling space in Macy's Manhasset store. While removing the debris by way of the service elevator, the elevator doors hit him in the head. Karp and his wife commenced a personal injury action against Federated, and Federated impleaded Flowerama and Karp's employer. Thereafter, the Supreme Court, inter alia, granted that branch of Federated's cross motion which was for summary judgment on the issue of liability pursuant to the indemnification clause of the agreement on the first cause of action of the third-party complaint and denied that branch of Flowerama's motion which was for summary judgment dismissing that cause of action.

Contrary to Flowerama's contention, General Obligations Law § 5-321 is inapplicable because the agreement between it and Federated was not a lease, but was, as it was called, a license agreement. Pursuant to the agreement's terms, Flowerama did not have exclusive control and dominion over a defined space. Federated reserved the right to relocate or renovate the selling space at any time with reasonable notice to Flowerama (*see Layton v Namm & Sons,* 275 App Div 246, 248, *affd* 302 NY 720). In addition, Flowerama was able and required to operate its business only during Macy's business hours (*cf. Theatre Row Phase II Assoc. v National Rec. Studios,* 291 AD2d 172, 175). The agreement merely afforded Flowerama the privilege of operating a department in Federated's store, but did not give Flowerama exclusive possession and control over that department (*see Linro Equip. Corp. v Westage Tower Assoc.,* 233 AD2d 824, 826; *Layton v Namm & Sons, supra,* at 249).

Furthermore, we agree with the Supreme Court that the license agreement is unambiguous and clearly sets forth the parties' intention that Flowerama indemnify Federated for the

injuries sustained under the circumstances of this case. S. Miller, J.P., Schmidt, Townes and Crane, JJ., concur.