■ STEVE ROSE, Appellant, v JULIE H. LEVINE et al., Defendants, and ROBERT LEVINE, Respondent. [830 NYS2d 732]—

In an action to foreclose three mortgages, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Westchester County (Lefkowitz, J.), dated March 13, 2006, as granted the motion of the defendant Robert Levine to preliminarily enjoin him from, inter alia, publishing a confidential psychological evaluation or any portions thereof prepared in connection with an action for a divorce, and any defamatory statements about the defendant Robert Levine, and directing the plaintiff to remove a certain World Wide Web site relating to the defendant Robert Levine and all links from the World Wide Web site to the Internet, and granted the separate motion of the defendant Robert Levine to hold the plaintiff in civil and criminal contempt for violating a temporary restraining order.

Ordered that the order is modified, on the law, by deleting subparagraphs (b) and (c) of the second decretal paragraph thereof, as well as so much of the first decretal paragraph thereof as granted those branches of the motion of the defendant Robert Levine which were to preliminarily enjoin the plaintiff from publishing any defamatory statements about the defendant Robert Levine, and directing the plaintiff to remove the World Wide Web site relating to the defendant Robert Levine and all links from the World Wide Web site to the Internet, and substituting therefor provisions denying those branches of the motion; as so modified, the order is affirmed insofar as appealed from, with costs payable by the plaintiff.

The plaintiff created a World Wide Web site which included a confidential psychological evaluation of the defendant Robert Levine (hereinafter the defendant). The World Wide Web site, which called itself a "personality profile" of the defendant, was replete with negative comments and statements about the defendant's personal life and wholesale food business, and was adorned with various depictions of vermin, the devil, and skulls and crossbones.

In granting the preliminary injunction, the Supreme Court properly found that, with respect to the inclusion of the confidential psychological evaluation on the World Wide Web site, the defendant was likely to succeed on the merits of his counterclaims and would suffer irreparable harm to his protected right of privacy, and that the equities were clearly bal-

anced in his favor (*see Data-Track Account Servs. v Lee*, 291 AD2d 827 [2002]; *Doe v Roe*, 42 AD2d 559 [1973], *affd* 33 NY2d 902 [1973]; *see also Hirschfeld v Stone*, 193 FRD 175, 185-187 [2000]).

However, the remainder of the preliminary injunction constituted an impermissible prior restraint on free speech (*see Rombom v Weberman*, 309 AD2d 844, 845 [2003]; *Rosenberg Diamond Dev. Corp. v Appel*, 290 AD2d 239 [2002]; *Bihari v Gross*, 119 F Supp 2d 309, 325-327 [2000]). Accordingly, we modify the order to the extent indicated in order to tailor the injunction to protect the defendant's privacy interests (*see Data-Track Account Servs., Inc. v Lee*, 17 AD3d 1115, 1117 [2005]).

Contrary to the plaintiff's contention, we discern no basis, on this record, to disturb the Supreme Court's findings of criminal and civil contempt (*see* Judiciary Law § 750 [A] [3]; § 753 [A] [3]; *McCain v Dinkins*, 84 NY2d 216, 226 [1994]; *Papa v 24 Caryl Ave. Realty Co.*, 14 AD3d 600 [2005]; *Data-Track Account Servs. v Lee*, 291 AD2d 827 [2002], *supra*). However, because the sentences imposed, or to be imposed, as a result of those findings are not before us, our determination is without prejudice to the plaintiff's right to timely challenge those sentences, if he be so advised.

The plaintiff's remaining contentions are without merit. Schmidt, J.P., Crane, Fisher and Dickerson, JJ., concur.