■ STATE OF NEW YORK, Respondent, v BERNARD BREEYEAR et al., Appellants. [866 NYS2d 379]—

Kavanagh, J. Appeal from an order of the Supreme Court (Platkin, J.), entered January 4, 2008 in Albany County, which, among other things, partially denied defendants' motion for summary judgment dismissing the complaint.

By a written contract, defendant Bernard Breeyear[1] agreed to supply skilled labor to plaintiff for construction, maintenance and renovation projects to be performed on property owned by plaintiff at the Empire State Plaza in the City of Albany. The work on these projects was to be overseen by the Office of General Services (hereinafter OGS), an agency of plaintiff. Per the contract, defendants selected the workers, paid their wages, administered their benefits and agreed to indemnify plaintiff for any damage caused to the work site by defendants, or any of its employees. Defendants were also required to obtain insurance for plaintiff, insuring it against any liability for property damage that might occur with respect to all work performed pursuant to the contract.

While the contract was in effect, a fire occurred in a building at the Empire State Plaza. It was later determined that the fire ignited when James Chmielewsky, a painter provided to plaintiff by defendants, improperly disposed of rags that had been soaked in a flammable solution. Plaintiff commenced this negligence and breach of contract action, seeking $594,000 in property damages against defendants. Defendants moved for summary judgment dismissing the complaint. Supreme Court partially granted the motion and dismissed the claims sounding in negligence, but denied defendants' motion seeking dismissal of the breach of contract and indemnification claims. Defendants now appeal.

Supreme Court held that, as a matter of law, Chmielewsky

---

1. Following Breeyear's death, defendant Mary Breeyear, as executor of Breeyear's estate, continued to perform under the contract. The contract was later assigned to defendant Breeyear General Contracting Corporation.

was a special employee of plaintiff and, because he was being supervised and controlled by plaintiff at the time of the fire, no claim that required a finding that Chmielewsky was negligent could be made against defendants.[2] Supreme Court refused, however, to dismiss plaintiff's breach of contract and contractual indemnification claims because the validity of these claims was not dependent upon a finding that Chmielewsky was negligent.

Our review of the record leads us to conclude not only that Supreme Court properly denied defendants' summary judgment motion with respect to the breach of contract and indemnification claims, but also that summary judgment should have been granted in plaintiff's favor on both of these claims. At the time of the accident, Chmielewsky—while a special employee of plaintiff—was also an employee of defendants.[3] Under the express terms of the contract, defendants, as contractor, agreed to "protect the site from damage and *shall repair damages or injury of any kind caused by . . . [defendants'] employees*, officers or agents" (emphasis added). Defendants' obligation to indemnify plaintiff was not conditioned upon a finding that defendants, or any of their employees, were negligent nor was it altered or qualified in any way by Chmielewsky's status as a special employee of plaintiff. Since Chmielewsky remained a contractual employee of defendants, and the contract, by its terms, unequivocally required defendants to indemnify plaintiff for injuries and damages "of any kind" caused by their employees, plaintiff has established, as a matter of law, its entitlement to judgment in its favor on the indemnification claim against defendants[4] (*see Walls v Sano-Rubin Constr. Co.*, 4 AD3d 599, 602 [2004]; *see also Drzewinski v Atlantic Scaffold & Ladder Co.*, 70 NY2d 774, 777 [1987]; *Margolin v New York Life Ins. Co.*, 32 NY2d 149, 153 [1973]; *Tishman Constr. Corp. of N.Y. v CNA Ins. Co.*, 236 AD2d 211, 211 [1997]).

Similarly, Supreme Court properly denied defendants' motion

---

**2.** Plaintiff does not take issue on appeal with Supreme Court's finding that Chmielewsky was a special employee of plaintiff with the dismissal of the negligence claims.

**3.** At oral arguments, counsel for defendants conceded that a limited employer-employee relationship existed between defendants and Chmielewsky at the time of the accident.

**4.** Although plaintiff sought summary judgment in its opposition papers to defendants' motion, it did not formally move for such relief. Nevertheless, this Court has the authority to review the record and grant summary judgment to a nonmoving party where the record, as presented, clearly establishes that the party is entitled to such relief (*see* CPLR 3212 [b]; *Merritt Hill Vineyards v Windy Hgts. Vineyard*, 61 NY2d 106, 110-111 [1984]; *Sherba v Midstate Precast Sys.*, 230 AD2d 944 [1996]).

seeking dismissal of plaintiff's claim that defendants, under the contract, were obligated to procure property damage liability insurance to cover plaintiff for damages to its property. The contract provided that defendants were required to obtain insurance that covered "liability of [plaintiff] with respect to *all operations* under this proposal and the contract" (emphasis added). As such, the contract does not limit this obligation to obtain insurance only to claims brought against plaintiff by third parties or for damages caused to plaintiff's property as the result of a third party's negligence (*see Lafarge Bldg. Materials v J. Hall, Ltd.*, 3 AD3d 651, 652 [2004]). As the interpretation of the parties' agreement presents an issue which this Court can determine as a matter of law, we grant summary judgment in plaintiff's favor (*see Sherba v Midstate Precast Sys.*, 230 AD2d 944, 946 [1996]).

Cardona, P.J., Mercure, Peters and Carpinello, JJ., concur. Ordered that the order is modified, on the law, without costs, by granting summary judgment in favor of plaintiff on the first and fourth causes of action, and, as so modified, affirmed.