■ FRANK SOKOLOVIC, as Administrator of the Estate of MARIANNE SOKOLOVIC, Deceased, Appellant, v THROGS NECK OPERATING COMPANY, INC., Defendant, and VISION HEALTHCARE SERVICES, Doing Business as VISION HEALTHCARE STAFFING, Respondent. FRANK SOKOLOVIC, as Administrator of the Estate of MARIANNE SOKOLOVIC, Deceased, Plaintiff, v THROGS NECK OPERATING COMPANY, INC., Respondent, and VISION HEALTHCARE SERVICES, Doing Business as VISION HEALTHCARE STAFFING, Doing Business as A+ STAFFING, Appellant. [48 NYS3d 91]—

Order, Supreme Court, Bronx County (Stanley Green, J.), entered on or about December 18, 2015, which granted defendant Vision Healthcare Services' d/b/a Vision Healthcare Staffing d/b/a A+ Staffing (Vision) motion to enforce the hold harmless in a lien agreement between it and plaintiff, and order, same court and Justice, entered on or about April 7, 2015, which, to the extent appealed from as limited by the briefs, granted the motion of defendant Throgs Neck Operating Company, Inc. (Throgs Neck) seeking summary judgment on its claim for contractual indemnity against Vision, unanimously affirmed, without costs.

The hold harmless agreement executed in connection with Vision settling plaintiff's claim against it provides that plaintiff is to hold Vision harmless from any "claim or action for contribution, indemnification or subrogation arising out of any act or omission of [Vision]." Thus, plaintiff is obligated to hold Vision harmless from the indemnification claim of Throgs Neck. That Vision's employee, a nurse provided to Throgs Neck under a staffing agreement between those two entities, was found to be a special employee of Throgs Neck for the purposes of Throgs Neck's liability to plaintiff did not affect the contract between Vision and Throgs Neck or the nurse's status as a general

employee of Vision. And since the act of Vision providing the nurse to Throgs Neck, and the acts and omissions of the nurse in her care of plaintiff's decedent, led to the imposition of indemnity against Vision, the hold harmless agreement is operable.

While plaintiff argues that he added language to a similar provision in the settlement agreement that would exempt him from indemnifying Vision, said language does not affect the provisions of the hold harmless agreement. At best it creates an ambiguity to be resolved against plaintiff as the drafter of that change (see Macquarie Holdings [USA] Inc. v Song, 82 AD3d 566 [1st Dept 2011]).

The staffing agreement between Vision and Throgs Neck provides that Vision "employs health care personnel and is willing to provide such personnel" to Throgs Neck. Vision, however, remains responsible for "maintain[ing] direct responsibility as employer," paying wages, determining withholding, and obtaining worker's compensation and unemployment insurance. Thus, the nurse provided by Vision to Throgs Neck was an employee of Vision so as to trigger the agreement's indemnity provision in favor of Throgs Neck. Vision's contractual obligation, as employer, to indemnify Throgs Neck was not altered or qualified in any way by the court's finding that the nurse was a special employee of Throgs Neck for the purposes of Throgs Neck's liability to plaintiff (see State of New York v Breeyear, 55 AD3d 1033, 1035 [3d Dept 2008]). Vision's argument that Throgs Neck did not show itself free from negligence is unpreserved and, in any event, unpersuasive since the services agreement at issue is not governed by General Obligations Law § 5-321 (see e.g. Karp v Federated Dept. Stores, 301 AD2d 574, 575 [2d Dept 2003]).

We have considered the appellants' remaining contentions and find them unavailing. Concur—Friedman, J.P., Richter, Kapnick and Kahn, JJ.