CONTINENTAL CASUALTY Co., Respondent, v PLATTSBURGH BEAUTY & BARBER SUPPLY, INC., et al., Respondents, and LUMBERMENS MUTUAL CASUALTY Co., Appellant.

Third Department, July 2, 1975

*Willmott, Aylward, Wisner, McAloon & Scanlon (George McAloon* of counsel), for appellant.

*Holcombe & Dame* for Continental Casualty Co., respondent,

*Helmer, Shaffer & Johnson* for Plattsburgh Beauty & Barber Supply, Inc., respondent.

*Fitzpatrick, Bennett & Trombley* for Paul Guay and others, respondents.

*Burton Lowitz* for Karch Beauty Supply Co., Inc., respondent.

LARKIN, J. The first event in the series of transactions which gave rise to this action was the service by Karch Beauty Supply Co., Inc. of an order and undertaking to the Sheriff of Clinton County for the replevin of property in the possession of Bradrick. Apparently, a Deputy Sheriff levied not only upon property of Bradrick, but also upon that of Plattsburgh Beauty & Barber Supply, Inc. Plattsburgh then sued the Sheriff, Deputy Sheriff, the county and county officials, charging willful, wrongful and negligent levy. The defendants in the action commenced by Plattsburgh thereupon commenced a third-party action against Karch, alleging an implied warranty of title to the merchandise replevied, an implied indemnification agreement and active negligence on the part of Karch.

At the time of the levy which triggered these suits, Karch was insured under a personal liability policy issued by Lumbermens Mutual Casualty Company. Lumbermens disclaimed coverage and refused to provide a defense. Karch then turned to Continental Casualty Co., an excess insurer, which commenced an action for declaratory judgment against all of the parties and moved for summary judgment. Special Term held that Lumbermens must defend Karch and this appeal is from that determination.

The question presented is whether the wrongful levy of personal property by a deputy sheriff pursuant to an order of

replevin is an "occurrence" within the terms of defendant Lumbermens' comprehensive liability insurance policy so as to require a defense of its insured Karch. The question was answered in the affirmative by Special Term and we agree.

The Lumbermens policy defines an "occurrence" as an accident, including injurious exposure to conditions, which result, during the policy period, in bodily injury or property damage neither expected nor intended from the standpoint of the insured. Lumbermens argues that the wrongful levy by the Deputy Sheriff was a "mistake" rather than an accident. Both the action instituted by Plattsburgh and the third-party action instituted against Karch contain claims that the wrongful levy of Plattsburgh's property was the result of negligence. "Injuries resulting from ordinary negligence are considered to have been accidental, as has been the case even though gross negligence were shown, where there was no actual intent to injure" (7A Appleman, Insurance Law and Practice, § 4492, pp 7–8).

Additionally, the pleadings contain allegations to the effect that the responsibility for the wrongful levy herein rested upon the Deputy Sheriff who actually carried out the seizure. Lumbermens argues that the wrongful levy was a "mistake", presumably by the deputy, as opposed to an accident. *McQuade v Prudential Ins. Co.* (166 Misc 524) stands for the proposition that whether a certain result is accidental is determined from the point of view of the insured, Karch in this case, to see whether, from his point of view, the event was unexpected or unforeseen (see 30 NY Jur, Insurance, § 1099). The case law thus accords with the wording of the subject policy as to the perspective from which the consequences of an act are to be viewed. The voluntary act of the insured in instituting the proceeding for replevin of property in the possession of Bradrick, assuming the property was accurately described to the Sheriff and that Karch otherwise proceeded properly, does not mean that the wrongful levy was not accidental as to Karch. "The criterion by which the accidental character of the harm is determined is the nonforseeability or forseeability of the harm as the consequence of the insured's voluntary act" (10 Couch, Insurance [2d ed.], § 41.22). In this case, if the sole responsibility for the levy of Plattsburgh's property were found to lie with the Deputy Sheriff, from the point of view of Karch the result would clearly be unforeseen.

The order and judgment should be affirmed, with costs.

388

HERLIHY, P. J., GREENBLOTT, KANE and REYNOLDS, JJ., concur.

Order and judgment affirmed, with costs.