OPINION OF THE COURT
Memorandum.
The judgment appealed from and the order of the Appellate Division brought up for review should be affirmed, with costs.
We agree, for the reasons stated in the opinion of Justice Fritz W. Alexander (91 AD2d 412), that the policy exclusion of “intentional harm” was inapplicable on the facts presented and that the Appellate .Division properly directed a verdict in favor of Atlantic Cement Company.
The exclusion being inapplicable, Atlantic was entitled under the policies not only to the costs of defense but also to indemnification for amounts paid by it as damages. The letter agreement of October 13,1965 provided the basis for settlement as to the costs of defense, but expressly reserved to the carriers the right to deny responsibility for contribution to any judgment rendered against Atlantic. It made no specific reference to Atlantic’s right to indemnification, but the necessary implication from the carriers’ reservation and the fact that the letter purported otherwise to deal only with the costs of defense was that Atlantic’s indemnification claim was not settled. That the carriers so understood is evident from their failure to plead release to Atlantic’s complaint, which contained causes of action for both costs of defense and indemnification.
The carriers, therefore, were required to indemnify Atlantic for such amounts as Atlantic “became legally obligated to pay as damages” because of the covered occurrence. As to the Kinley action, that amount was fixed by the verdict, and the Appellate Division’s direction of interlocutory judgment in the amount of the judgment entered on that verdict was, therefore, proper.
Proper also was its remission for trial as to the causes of action which Atlantic had settled, for as to those, there being no jury verdict establishing the damages that Atlantic was legally liable for, the carriers were entitled to a *802 trial as to the reasonableness of the amounts paid in settlement. The reference in the Appellate Division decision to the rule in Rosen & Sons v Security Mut. Ins. Co. (31 NY2d 342, 347), though apparently intended only to draw an analogy to wrongful refusal cases, is now argued by Travelers to have vitiated Atlantic’s right to indemnity because, it is said, Travelers entered into a settlement agreement as to its duty to defend and did not refuse to defend. The right to indemnity and to a defense are separate, though related. Atlantic’s right to recover reasonable amounts paid in settlement results from the determination that the occurrence was within the policy coverage and is not affected by the fact that the cost of defense issues were settled by the October 1965 letter and a later stipulation and payment.
Nor can Travelers benefit from the argument, presented for the first time in the briefs to this court, that some part of the damages may have predated its policies. The appeal having been taken directly to this court from the final judgment pursuant to CPLR 5601 (subd [d]) brings up for our review only questions of law relating to the Appellate Division’s order of February 22,1983 (Cohen and Karger, Powers of the New York Court of Appeals [rev ed], p 238). That order determined damages only as to the Kinley action, but the point even as to that was not presented either during the first trial or to the Appellate Division, on original argument or by motion for reargument, and, therefore, has not been preserved for review by this court.
Chief Judge Cooke and Judges Jasen, Jones, Meyer, Simons and Kaye concur; Judge Wachtler taking no part.
Judgment appealed from and order of the Appellate Division brought up for review affirmed, with costs, in a memorandum.