■ MARIO LANIADO, as Administrator of the Estate of VALENTINA LANIADO, Deceased, Appellant, v NEW YORK HOSPITAL et al., Respondents, et al., Defendants.—Judgment, Supreme Court, New York County (Helen Freedman, J.), entered June 15, 1989, which, upon a jury verdict in favor of defendants, dismissed plaintiff's medical malpractice action, unanimously affirmed, without costs.

Our review of the record demonstrates that plaintiff has failed to demonstrate that the jury's verdict in favor of defendants could not have been reached on any fair interpretation of the evidence *(Yalkut v City of New York,* 162 AD2d 185, 189). Decedent, who suffered severe burns over 30% of her body, was placed on a respirator. Plaintiff produced an expert witness who testified that defendant doctors negligently inserted an endotrachael tube into decedent's esophagus as opposed to her trachea, resulting in her death. The claim was rebutted by two defense experts. The jury's resolution of the conflicting expert testimony was not incredible as a matter of law. Plaintiff's failure to object to the allegedly prejudicial comments made by defendant's medical expert, Dr. Cutler, or to move for a mistrial, constitutes a waiver of the claim. *(Picciallo v Norchi,* 147 AD2d 540; *Matter of Giacalone,* 143 AD2d 749.) Lastly, the arguments made in defendants' summations do not warrant reversal as they were either not objected to or were within the bounds of rhetorical comment. *(Sherman v Ashkinazy,* 157 AD2d 451.) Concur—Ross, J. P., Carro, Asch, Wallach and Smith, JJ.