OPINION OF THE COURT
Anthony F. Shaheen, J.
The court has before it cross motions for summary judgment in this action brought by the Village of Camden, against *608 National Fire Insurance Company of Hartford, its general liability insurance carrier, for indemnification and for reimbursement of attorney’s fees incurred by the Village of Camden in defending the underlying action.
The underlying action was brought by one Richard Meagher against the Village of Camden, based on his claim that on April 11, 1991 the Village negligently issued a building permit to him for the construction of his home in an area designated as an official "floodway” where construction is absolutely prohibited according to the town’s flood zone ordinance. Relying on this permit, Mr. Meagher substantially completed his home before receiving a "cease and desist” letter from the Codes Enforcement Officer on May 31, 1991. Mr. Meagher commenced an action against the Village of Camden, which promptly notified the defendant carrier, and asked the defendant to defend and indemnify against this claim. The defendant carrier denied coverage and refused to either defend or indemnify, stating that the allegations in Mr. Meagher’s complaint did not constitute an "occurrence” within the policy definitions because the issuance of the permit was an intentional act, albeit mistaken or wrong. The defendant also took the position that there was no property damage because Mr. Meagher’s being forced to demolish his house did not constitute "physical injury to tangible property” or "loss of use of tangible property” within the policy definitions.
The Village of Camden finally settled Mr. Meagher’s lawsuit on November 15, 1991, for $16,250 in damages (with the agreement that he would demolish the house), and the Village now seeks to be indemnified for this amount. The Village also incurred legal fees to defend against Mr. Meagher’s claim once the defendant disclaimed, and seeks reimbursement of $3,629 for attorney’s fees, disbursements and related expenses.
The Village of Camden now seeks summary judgment on its complaint and asks this court to make a finding that the defendant carrier is obligated to reimburse the Village for the defense and settlement of the Meagher claim. The defendant carrier also seeks summary judgment, asking this court to dismiss the complaint because there was no sudden and unexpected event, accident or "occurrence” as anticipated by this liability policy, and also because this loss does not come within the policy definition of "property damage”, but rather falls within the policy exclusion for property damage arising out of a defect or deficiency of work. The defendant carrier also asserts that since there was no "occurrence” or "property *609 damage”, the Village had no legal obligation to pay Mr. Meagher and the carrier therefore had no obligation to indemnify or defend.
Initially, the court must look to the policy definitions of the words "occurrence” and "property damage” to determine whether this loss falls within these policy definitions:
"Occurrence” means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.
"Property damage” means:
"a. Physical injury to tangible property, including all resulting loss of use of that property * * * or
"b. Loss of use of tangible property that is not physically injured”.
The Court of Appeals has held that we must look to the "transaction as a whole” test to determine whether a given situation can be considered to be an "accident” (McGroarty v Great Am. Ins. Co., 36 NY2d 358, 364, rearg denied 36 NY2d 874; Allstate Ins. Co. v Klock Oil Co., 73 AD2d 486, 489 [4th Dept]). The Court has also held that the term "accident” must be construed in its relevant context, and when used by an insurer in an insurance contract it should be given the construction most favorable to the insured (McGroarty v Great Am. Ins. Co., supra). This court finds unpersuasive defendant’s claim that the policy required an undesigned, sudden or unexpected event. Whether a certain result is "accidental” is determined from the point of view of the insured; that is, whether from the insured’s point of view, the event was unexpected or unforeseen (Continental Cas. Co. v Plattsburgh Beauty & Barber Supply, 48 AD2d 385, 387). Thus, regardless of the initial intent or lack thereof, or the period of time involved, if the resulting damage could be viewed as unintended, then the total situation could be found to constitute an accident, and therefore within the coverage afforded by a general liability policy (McGroarty v Great Am. Ins. Co., supra; Allstate Ins. Co. v Klock Oil Co., supra).
When the Village issued Mr. Meagher his building permit, it was certainly never intended that he would be permitted to build his home only to be forced to demolish it. All parties agree that this building permit was issued in error. As such, on the facts herein, the court finds that the issuance of this absolutely prohibited permit was an "occurrence” within the meaning of the policy, since from the Village’s point of view, *610 it was unexpected and unforeseen, and the damage to Mr. Meagher was clearly unintended.
Moreover, the court finds that issuing Mr. Meagher a permit upon which he relied to his detriment, forcing him to demolish his newly built home, led to a loss of use of his land within the policy definition of "property damage”.
The carrier also relies on Rottkamp v Young (21 AD2d 373, affd 15 NY2d 831) to support their position that the Village had no liability to pay Mr. Meagher because the act of issuing a building permit was a discretionary, quasi-judicial act for which the Village cannot be held liable. Although the defendant correctly states the general proposition concerning municipal liability for the issuance of building permits, the facts herein reveal that no exercise of discretion or quasi-judicial act was required of the Village (see, Green v Irwin, 174 AD2d 879, 881). It is uncontested that Mr. Meagher’s land was located in a "floodway” in which absolutely no building whatsoever is permitted (in contrast with a "flood plain” where some building is permitted within the discretion of the Village). The Village had an absolute duty to deny Mr. Meagher a building permit. Since the Village’s obligation was not discretionary, it was not entitled to automatic immunity, and Mr. Meagher needed only to show his detrimental reliance on the Village’s act of issuing this permit in order to sustain his claim for damages. As such, it cannot be said, as a matter of law, that the Village had no legal obligation to Mr. Meagher, and the defendant carrier’s position in this regard is untenable.
Moreover, since Mr. Meagher’s action stated a claim which, if proven, fell within the risk covered by this policy, the defendant carrier had an obligation to defend the Village against Mr. Meagher’s claim (see, Colon v Aetna Life & Cas. Ins. Co., 66 NY2d 6, 9; McGroarty v Great Am. Ins. Co., supra, at 365; Aetna Cas. & Sur. Co. v Liberty Mut. Ins. Co., 91 AD2d 317, 323 [4th Dept]). The Village was entitled to an unqualified defense by the defendant carrier which was not offered here. Since the defendant carrier did not use the declaratory judgment device to determine its duties to the Village of Camden, it now assumes the risk and consequences of making its own decision in this regard (McGroarty v Great Am. Ins. Co., supra, at 365), namely, the cost to make the Village of Camden whole after defending and settling Mr. Meagher’s action.
*611 When the defendant carrier unjustifiably refused to defend the Village against Mr. Meagher’s claim, the Village was entitled to make a reasonable settlement or compromise of that claim, and then secure reimbursement from the carrier (see, Rosen & Sons v Security Mut. Ins. Co., 31 NY2d 342, 347). The defendant carrier has not challenged the reasonableness of the $16,250 settlement figure which resolved Mr. Meagher’s $75,000 claim, and as such, this court accepts that figure as reasonable (but cf., Atlantic Cement Co. v Fidelity & Cas. Co., 63 NY2d 798, 801-802 [where damages were not established and the carrier was entitled to a trial on the reasonableness of the settlement]). However, there is evidence before this court that the Village has already been reimbursed $5,000 of that figure from a separate policy issued by National Casualty Company. The court agrees with defendant’s position that the Village should not be entitled to be indemnified for more than it paid on Mr. Meagher’s claim. Accordingly, the court now finds that the Village of Camden is entitled to reimbursement from the defendant carrier in the amount of $16,250, less $5,000 already reimbursed by another carrier, for damages paid to Mr. Meagher, and is awarded summary judgment in the amount of $11,250.
The Village of Camden also seeks disbursements and attorney’s fees of $3,629 in defending Mr. Meagher’s action. The defendant carrier asserts that the Village is not entitled to any such fees and expenses which are attributable to the present action for indemnification. The court finds that the Village of Camden is entitled to recover from the defendant carrier only those costs and attorney’s fees incurred in defense of the Meagher action which, based on the evidence before this court, includes attorney’s fees from June 7, 1991 through December 27, 1991. By the Village’s own motion papers, all attorney’s fees after December 27, 1991 are related to the present action for indemnification, and the Village is not entitled to reimbursement of those fees. Deducting from the Village’s claim for attorney’s fees any services rendered after December 27, 1991, the court finds that the Village is entitled to be reimbursed for disbursements and attorney’s fees in the amount of $3,138.50, and grants the Village of Camden summary judgment in that amount.
For the reasons stated above, defendant’s motion for summary judgment is denied.