■ PETROS GIANNIOSIS et al., Appellants, v LID MANAGEMENT & FINISHING SERVICE Co. et al., Respondents. [599 NYS2d 233] —Judgment, Supreme Court, New York County (Alice Schlesinger, J.), entered March 4, 1991, which, upon a jury verdict, dismissed the complaint, unanimously affirmed, without costs. Appeal from the order of said court and Justice, entered March 7, 1991, which denied plaintiffs' motion pursuant to CPLR 4404 (a) to set aside the jury's verdict as against the weight of the evidence, unanimously dismissed as subsumed in the appeal from the final judgment, without costs.

"It is settled that a jury verdict in favor of defendant may not be set aside unless it plainly appears that the evidence so preponderates in favor of the plaintiff that the verdict for the defendant could not have been reached on any fair interpretation of the evidence" (Marton v McCasland, 16 AD2d 781, 782). Viewing the evidence in the light most favorable to the prevailing defendant (Matter of Kornblum Metals Co. v Intsel Corp., 38 NY2d 376, 379), a reasonable jury could find that defendants were not negligent in colliding with plaintiffs who were crossing a street at an unmarked crosswalk, on a snowy and rainy night, in dark clothing, after having come from behind an elevated subway column with water draining from overhead, when it was shown that defendant driver was proceeding at 10 to 15 miles per hour and due to the above-described conditions, did not see plaintiffs prior to coming in contact with them.

Plaintiffs failed to preserve by appropriate objection their complaint as to the introduction of the defendants' expert witness. In any event, the testimony of that witness, an

accident reconstructionist, was admissible, a proper foundation having been laid *(see, Hambsch v New York City Tr. Auth.,* 63 NY2d 723, 725-726). Further, the court's charge concerning the existence of an "emergency" was not unwarranted in view of the evidence *(see, Rivera v New York City Tr. Auth.,* 77 NY2d 322, 326-327). Concur—Carro, J. P., Ellerin, Wallach, Kupferman and Ross, JJ.