◼ PUBLIC SERVICE MUTUAL INSURANCE COMPANY, Respondent, v 66 OVERLOOK TERRACE CORP., Doing Business as FORT TERRACE COMPANY, et al., Respondents. (Action No. 1.) MASSACHUSETTS BAY INSURANCE COMPANY, Third-Party Plaintiff-Ap-

pellant, v 66 OVERLOOK TERRACE CORP., Third-Party Defendant-Respondent. (Action No. 2.) 66 OVERLOOK TERRACE CORP., Second Third-Party Plaintiff-Respondent, v GREATER NEW YORK MUTUAL INSURANCE COMPANY, Second Third-Party Defendant-Appellant. (Action No. 3.) TRANSAMERICA INSURANCE COMPANY, Third Third-Party Plaintiff-Respondent, v GREATER NEW YORK MUTUAL INSURANCE COMPANY et al., Third Third-Party Defendants-Appellants, and CAMBRIDGE MUTUAL FIRE INSURANCE COMPANY et al., Third Third-Party Defendants-Respondents. (Action No. 4.) [619 NYS2d 18] —Order and judgment (one paper), Supreme Court, New York County (Harold Tompkins, J.), entered November 12, 1993, which, in consolidated actions seeking, *inter alia,* declarations as to the party insurers' obligations to defend and indemnify the party insured, *inter alia,* declared that Greater New York Mutual Insurance Company, Massachusetts Bay Insurance Company and Hanover Insurance Company are obligated to defend and indemnify, and that Public Service Mutual Insurance Company is not obligated to defend and indemnify, unanimously affirmed, with costs.

The IAS Court correctly determined that while the insured failed to give timely notice of the tort plaintiff's potential claim—even if the insured's Board of Directors was not made aware of the tort plaintiff's complaints concerning its employee until mid-March 1988—it remains that the insured did not notify any of the insurers until it received a summons and complaint some 15 months later, nearly two years after the tort plaintiff allegedly first complained *(see, Mighty Midgets v Centennial Ins. Co.,* 47 NY2d 12, 19-20). Greater New York, Massachusetts Bay and Hanover should be estopped from disclaiming coverage because of their unreasonable delay in notifying the insured of their disclaimers *(see, Hartford Ins. Co. v County of Nassau,* 46 NY2d 1028). Their reservation of rights, with a consequent delay of more than a year, has no relevance to the question of whether timely notice of disclaimer of liability or denial of coverage was given *(supra).* In the context of these consolidated actions, the award of attorneys' fees and expenses to the insured was proper *(see, Mighty Midgets v Centennial Ins. Co., supra,* at 21). We have considered appellants' contentions that the occurrence and injuries are not covered under their respective policies and find them to be without merit. Concur—Sullivan, J. P., Rosenberger, Ellerin, Kupferman and Williams, JJ.