■ EDITH KOPLEWICZ, Appellant-Respondent, v COLONY TICKET SERVICE, INC., et al., Respondents-Appellants, and HOWARD THYLAN, Respondent. [620 NYS2d 384] —Judgment, Supreme Court, New York County (Robert Lippmann, J.), entered January 27, 1994, which, after a jury trial, found, *inter alia,* that defendants-respondents-cross-appellants were 100 percent liable to plaintiff and that defendant Howard Thylan was not negligent and awarded plaintiff $680,000, plus attorneys' fees, interest and costs, unanimously affirmed, without costs.

A verdict should only be set aside when the evidence, viewed in the light most favorable to the prevailing party, so preponderates in favor of the opposing party that the verdict could not possibly have been reached on any fair interpretation of the evidence *(Gianniosis v LID Mgt. & Finishing Serv. Co.,* 194 AD2d 413). That is not the case here.

We have examined the trial record and conclude that, under the circumstances herein, plaintiff was not deprived of a fair trial. We reject defendants-cross-appellants' argument that the amount awarded to her as compensation materially deviates from what can be considered to be reasonable for a fractured clavicle. We have reviewed cross-appellants' other arguments and find them to be without merit. Concur—Kupferman, J. P., Ross, Rubin and Williams, JJ.