■ In the Matter of NEW YORK COUNTY DES LITIGATION. GINA CARDINALE et al., Respondents, v ABBOTT LABORATORIES et al., Defendants, and BOYLE & COMPANY PHARMACEUTICALS et al., Appellants. (And Other Actions.) [621 NYS2d 332] —Order, Supreme Court, New York County (Ira Gammerman, J.), entered on or about November 5, 1993, which directed a joint trial of the damages portions of reverse-bifurcated cases in *inter alia,* 11 actions; order, same court and Justice entered on or about February 2, 1994, which denied applications for separate trials and directed that potential jurors be pre-screened for willingness to sit for six weeks, and order, same court and Justice, entered June 17, 1994, which denied motions to set aside the verdict as excessive except to the extent of setting aside awards for adoption expenses incurred in five cases by amounts ranging from $2,500 to $58,000, unanimously affirmed, without costs.

The direction of a damages trial as the first part of a reverse-bifurcated proceeding was, under the unique circumstances of this case, not an improvident exercise of discretion *(Matter of New York County DES Litig.,* 195 AD2d 415).

In view of the entirety of the evidence presented, we cannot say that "no proof was introduced as to the likelihood of claimant's contracting [cancer] under the circumstances pre-

sented" *(Hare v State of New York,* 173 AD2d 523, 525, *lv denied* 78 NY2d 859). Each of the non-cancer plaintiffs testified that she was aware of the possibility of developing cancer as part of a wide range of serious diseases. Defense testimony that there was no statistical chance of contracting cancer was not binding on the jurors; the resolution of a conflict between the testimony of two expert witnesses is a matter for the fact finder *(Laniado v New York Hosp.,* 168 AD2d 341, *lv denied* 78 NY2d 853). As to damages, we do not find that there has been a material deviation from what would be reasonable compensation *(Christopher v Great Atl. & Pac. Tea Co.,* 76 NY2d 1003) for the unique, far-ranging and severe physical and psychological injuries suffered by these plaintiffs.

The defendants by acceding to the verdict sheet as submitted, failed to preserve any objection to it for appellate review *(Gleason v Callanan Indus.,* 203 AD2d 750, 751). Similarly, the defendants made no objection to the charge containing what might be characterized as limited causation questions, and therefore failed to make their present objections known to the Trial Judge *(cf., Sabin-Goldberg v Horn,* 179 AD2d 462, 464). Were we to review these arguments, we would find them to be without merit in the circumstances of this damages only trial.

We have considered the defendants' remaining arguments, and find them to be without merit. Concur—Sullivan, J. P., Rosenberger, Nardelli and Williams, JJ.