■ RUCHAMA GAMIEL, Respondent, v UNIVERSITY HOSPITAL, Defendant, PHILIP MOSKOWITZ, Respondent, and CHARLES MELONE, Appellant. [628 NYS2d 74] —Order, Supreme Court, New York County (Kristin Booth Glen, J.), entered on or about April 21, 1994, which denied that portion of defendant Dr. Charles Melone's motion seeking to reinstate a jury verdict which had exonerated him from liability, set aside said verdict as against

the weight of the evidence, and denied that portion of his motion seeking, in the alternative, to set aside the verdict in favor of defendant Dr. Philip Moskowitz and direct a verdict in favor of plaintiff against Dr. Moskowitz, unanimously reversed, on the law, the verdict reinstated and the complaint dismissed as to Dr. Melone, without costs.

The trial court erred in setting aside the verdict for defendant Dr. Melone, the treating physician. The evidence adduced at trial did not so favor plaintiff that the jury's verdict could not have been reached by any fair interpretation of such evidence (*Gianniosis v LID Mgt. & Finishing Serv. Co.*, 194 AD2d 413; *Martin v McLaughlin*, 162 AD2d 181, 184). Contrary to the trial court's findings, the record included expert testimony supporting the view that the treatment provided by Dr. Melone was not a departure from good medical practice, and the jury's determination that he not be held liable was a reasonable one. A trial court's decision to set aside a jury's verdict is entitled to great deference (*Yalkut v City of New York*, 162 AD2d 185, 188; *Nicastro v Park*, 113 AD2d 129, 137), but was unwarranted here where the jury merely resolved the conflict in expert testimony as it was entitled to do (*see, Matter of New York County DES Litig. [Cardinale Abbott Labs.]*, 211 AD2d 500, 501; *Laniado v New York Hosp.*, 168 AD2d 341, *lv denied* 78 NY2d 853), and did so reasonably. The fact-finding function of the jury must also be afforded great deference by a trial court (*Bander v Grossman*, 161 Misc 2d 119, 122, citing *Martin v McLaughlin, supra*).

The plaintiff's contention that a treating physician is generally responsible for all aspects of the patient's medical care cannot serve to impose liability upon Dr. Melone as a matter of law (*see, Markley v Albany Med. Ctr. Hosp.*, 163 AD2d 639, 640; *Kleinert v Begum*, 144 AD2d 645, 647), notwithstanding the dictum of *Cornish v De Palma* (210 AD2d 35). Plaintiff's failure to cross-appeal the jury's exoneration of Dr. Moskowitz, who was her primary treating physician and who referred her to Dr. Melone for surgery, precludes our consideration of the strong arguments regarding his liability. Concur—Asch, J. P., Nardelli, Williams and Mazzarelli, JJ.