■ LAZARO BRITO, Respondent, v CONSOLIDATED EDISON COMPANY OF NEW YORK, INC., Appellant and Third-Party Plaintiff-Appellant-Respondent. GLOBE FENCE CO., INC., Third-Party Defendant-Respondent-Appellant. [649 NYS2d 424] —Judgment, Supreme Court, Bronx County (Luis Gonzalez, J., and a jury), entered October 12, 1995, in favor of plaintiff and against defendant Consolidated Edison (Con Ed) in the principal sum of $530,000, including $100,000 for future medical expenses and $175,000 for future loss of earnings, and bringing up for review the ruling denying Con Ed's motion to set aside the verdict insofar as it apportioned liability 40% against Con Ed and 60% against third-party defendant Globe Fence Co., unanimously modified, on the law, to the extent of awarding Con Ed indemnification against Globe for the full amount of the judgment, and otherwise affirmed, without costs.

The trial court erred in denying Con Ed's motion for common-law indemnification against Globe. "Where there is no evidence that the owner directed the work, 'the basis of his liability remains vicarious, and he may recover over against the wrongdoer under the theory of implied indemnification.' " (*Guillory v Nautilus Real Estate*, 208 AD2d 336, 339, *appeal dismissed and denied* 86 NY2d 881). Here, there is no fair interpretation of the evidence from which the jury could have concluded that Con Ed was at fault. Although a Con Ed "order release" stated that Globe's work was to be done "under the direction of [a Con Ed engineer]", that engineer's testimony established that "[w]e [at Con Ed] never direct an outside contractor to do any type of work, they come in with their own

supervision". Globe's assertion that it was induced by the order release "to provide less supervision than it normally would have provided" is belied by the testimony of Globe's director of operations, who was familiar with the type of work that plaintiff and the co-worker were to provide on the date in question, and who indicated that the only "supervision" required was the presence of one man to secure the ladder while a second man was installing razor wire from the top of the ladder. Assuming arguendo that scaffolding should have been used under the circumstances, it still was Globe's obligation under its contract with Con Ed to "furnish labor, supervision, material and equipment". Moreover, Globe's director of operations testified that scaffolding was not necessary for the type of job in which plaintiff was engaged and Globe never considered using scaffolding for this particular job. In light of this disposition, it is unnecessary to reach Con Ed's contention that certain instructions by the trial court were flawed.

We have considered the contentions urging a reduction of the amount of damages awarded and find them to be without merit. Concur—Wallach, J. P., Rubin, Nardelli, Williams and Andrias, JJ.