■ ENID SALOP, Respondent, v CITY OF NEW YORK, Defendant, and CONSOLIDATED EDISON COMPANY OF NEW YORK, INC., Appellant and Third-Party Plaintiff-Respondent-Appellant. CITY-WIDE ASPHALT PAVING CO., INC., Third-Party Defendant-Appellant-Respondent. [667 NYS2d 345] —Judgment, Supreme Court, New York County (Emily Goodman, J., and a jury), entered August 14, 1996, *inter alia*, apportioning liability between third-party plaintiff electric utility and third-party defendant paving contractor 30% and 70%, respectively, and awarding plaintiff, *inter alia*, $230,000 and $490,000 for past and future pain and suffering, respectively, unanimously affirmed, without costs.

Concerning the paving contractor's negligence, the jury could have reasonably concluded that under its contract with the utility, it was responsible for inspecting the backfilling contractor's work before installing the asphalt or "base" in the hole, and that its failure to make such an inspection was the main reason why the hole sunk to a depth well beyond the one-inch standard for completed base work. That the utility's inspector at the site deemed the installation of the base acceptable does not eliminate the possibility that a latent defect may have caused the accident (*see, Munoz v Consolidated Edison Co.*, 198 AD2d 145). Concerning apportionment, the jury could have reasonably concluded that the utility's inspector present at the site had only limited supervisory control over the contractor, particularly in view of the contract language requiring the contractor to inspect the backfill before installing the base, but such control, though limited, precludes the utility's claim to indemnification from the contractor (*cf., Brito v Consolidated Edison Co.*, 233 AD2d 122). The contractor's claim that the court erred in charging a Department of Transportation regulation that requires temporary pavement to be laid flush with the surrounding pavement, while omitting another regulation that permits the pavement surface to sink one inch from the surrounding existing surface during the life of a temporary restoration, is unpreserved, since the contractor did not object when the court charged the former regulation, and did not provide the court with the latter regulation at any time. In any event, the latter regulation is not relevant since the hole had sunk at least six inches when plaintiff fell, and since the contractor had intentionally installed the base one

inch below the surrounding surface. Concerning damages, they do not deviate materially from what is reasonable compensation for this comminuted fracture of the left patella, which required an open reduction/internal fixation procedure, resulted in much pain and atrophy, and will continue to do so in the future (*cf., Lanpont v Savvas Cab Corp.*, 244 AD2d 208; *Koplewicz v Colony Ticket Serv.*, 211 AD2d 449). The utility's claim that the court incorrectly applied CPLR article 50-B in structuring the judgment is unpreserved, and we decline to review it. Concur—Sullivan, J. P., Rosenberger, Wallach, Rubin and Tom, JJ.