■ CONSOLIDATED EDISON COMPANY OF NEW YORK, INC., Appellant, v UNITED STATES FIDELITY AND GUARANTY COMPANY, Respondent, et al., Defendant. [693 NYS2d 31] —Order, Supreme Court, New York County (Paula Omansky, J.), entered November 10, 1998, which denied the motion of plaintiff Consolidated Edison Company of New York, Inc. (Con Ed) for summary judgment declaring that defendant United States Fidelity and Guaranty Company (USF&G) is obligated to indemnify plaintiff in the underlying personal injury action and to reimburse it for attorney's fees and defense costs expended in defense of that action, and which granted defendant USF&G's cross-motion for summary judgment and dismissed the complaint as against USF&G and City Wide Asphalt Paving Company, Inc. (City Wide), unanimously reversed, on the law, without costs, the motion granted and the cross-motion denied.

Defendant City Wide was engaged by plaintiff Con Ed to perform resurfacing work following the completion of service or installation of utility lines. After approving resurfacing work at the corner of Eighth Avenue and East 35th Street, Con Ed notified the contractor to bring the road surface up to grade. The following day, June 14, 1991, before any further resurfacing work was performed, Enid Salop fell in a depression that had formed in the paved road surface, sustaining a fractured patella. On February 3, 1992, she commenced a personal injury action against the City of New York and Con Ed. The utility commenced a third-party action against City Wide, which was thereafter added as a party defendant in the primary action.

One year later, on February 4, 1993, Con Ed forwarded the summons and complaint to USF&G, requesting that the insurer provide a defense to the *Salop* action under its general liability policy issued to City Wide, which names Con Ed as an additional insured. By letter dated February 19, 1993, USF&G acknowledged receipt of Con Ed's request, stating that its assumption of the defense, "at this time, would not be prudent on our part. Our investigation into this matter is incomplete." On March 21, 1993 and May 5, 1993, the utility reiterated its request to the carrier, but received no response.

The jury in the *Salop* action, in which Con Ed was represented by its own counsel, returned a verdict in the amount of $750,000, apportioning fault 30% against the utility and 70% against City Wide. This Court affirmed the judgment (*Salop v City of New York*, 246 AD2d 305).

In this declaratory judgment action, Con Ed maintains that defendant USF&G had a duty to defend and indemnify it

against liability for Ms. Salop's injuries. The utility seeks recovery of its 30% share of the verdict and reimbursement for $75,323.02 in costs incurred in defending the action. In a motion for summary judgment, Con Ed argued that the provisions of the policy issued to City Wide are sufficiently broad to encompass its liability in the *Salop* action. The insurer cross-moved for dismissal of the complaint on the ground that Con Ed failed to provide notice of the claim against it for one year after the *Salop* action was commenced. It further argued that its policy does not cover the utility's active negligence in the inspection and supervision of work performed by another excavation contractor that backfilled the excavation and was not named in the *Salop* action. In opposition, Con Ed stated that USF&G had never issued a written disclaimer premised upon late notice and is thus barred from raising the issue.

Supreme Court concluded that Con Ed's delay in complying with the policy notification provision was unreasonable, resulting in the failure of "a condition precedent to the insurer's duty to defend or indemnify its insured". However, as the Court of Appeals stated in *Matter of Firemen's Fund Ins. Co. v Hopkins* (88 NY2d 836, 837), "An insurer must give written notice of disclaimer on the ground of late notice 'as soon as is reasonably possible after it first learns of the accident or of grounds for disclaimer of liability,' and failure to do so 'precludes effective disclaimer' " (quoting *Hartford Ins. Co. v County of Nassau*, 46 NY2d 1028, 1029). While USF&G maintains that it disclaimed coverage on or about August 16, 1996, in its answer to this declaratory judgment action, the Court of Appeals in *Firemen's Fund* noted that a delay of two months "has been held unreasonable as a matter of law" (*supra*, at 837, citing *Hartford Ins. Co. v County of Nassau, supra*). A fortiori, the carrier's delay of over three years in disclaiming coverage on the ground of late notice is unreasonable (*see also, Public Serv. Mut. Ins. Co. v 66 Overlook Terrace Corp.*, 209 AD2d 343, *lv dismissed* 85 NY2d 1032) and the insurer is barred from raising the issue in defense of this action.

Con Ed is named as an "insured" under the insurance policy issued to City Wide "with respect to liability arising out of 'your work' for that insured by or for you". "Your work" is defined to mean: "a. Work or operations performed by you or on your behalf; and b. Materials, parts or equipment furnished in connection with such work or operations." The term further "includes warranties or representations made at any time with respect to the fitness, quality, durability or performance of any of the items included in a or b above".

This Court has rejected the argument, advanced by USF&G, that the language of the additional insured endorsement operates to exclude coverage for injuries arising out of Con Ed's negligence (*Consolidated Edison Co. v Hartford Ins. Co.*, 203 AD2d 83, 84). To the contrary, we have consistently held that any negligence by the additional insured in causing the accident underlying the claim is not material to the application of the additional insured endorsement (*supra*). As we stated in *Tishman Constr. Corp. v CNA Ins. Co.* (236 AD2d 211), "The focus of the clause is 'not * * * the precise cause of the accident, as [the insurers] urge, but upon the general nature of the operation in the course of which the injury was sustained'" (quoting *Consolidated Edison Co. v Hartford Ins. Co.*, *supra*, at 83; *see also, Lim v Atlas-Gem Erectors Co.*, 225 AD2d 304). Con Ed's liability in this matter clearly arises out of work performed on its behalf by the insured and is therefore within the scope of the additional insured endorsement of the policy. Concur—Sullivan, J. P., Williams, Rubin, Andrias and Friedman, JJ.