P. Ralph HELM and Roberta Helm, Appellants (Plaintiffs),

v.

**BOARD OF COUNTY COMMISSION-ERS, TETON COUNTY, WYOMING,** Appellee (Defendant).

No. 98–121.

Supreme Court of Wyoming.

Nov. 10, 1999.

Representing Appellants: Joseph F. Moore, Jr. and Glenn W. Myers of Moore & Myers, Jackson, Wyoming.

Representing Appellee: Mark L. Carman of Williams, Porter, Day and Neville, P.C., Casper, Wyoming.

Before LEHMAN, C.J., and THOMAS, MACY, GOLDEN, and TAYLOR,* JJ.

TAYLOR, Justice, Retired.

Appellants, P. Ralph and Roberta Helm (the Helms), challenge the order granting summary judgment in favor of appellee, Board of County Commissioners of Teton County (the Board), resolving their claim that the Board negligently failed to identify structural defects during the construction of their residence. Specifically, the Helms claim the district court erred in finding that the insurance contract purchased by the Board excluded the Helms' claim. Finding no error in the district court's interpretation of the insurance contract, we affirm.

* Retired November 2, 1998.

## I. ISSUES

The Helms present the following issue on appeal:

A. Whether the District Court erred when it found that Plaintiffs/Appellants' claims for damages were properly excluded under exclusions (a) and (k) of Defendant/Appellee's Hartford Insurance policy and granted summary judgment in favor of Defendant/Appellee based on Wyo. Stat. §§ 1–39–101, *et seq.*

The Board rephrases the issue as:

Does Teton County's Hartford Insurance policy provide coverage for the claims described in the complaint of P. Ralph and Roberta Helm * * * and thereby waive the immunity granted to Teton County pursuant to Wyo. Stat. §§ 1–39–101, *et seq?*

## II. FACTS

The Helms' residence was originally built by Alan Jensen (Jensen), who applied for a building permit in 1985. During the construction of the house, Jensen submitted plans and drawings for approval by the Teton County Building Department. The Teton County Building Department, through Dennis Johnson, reviewed the plans and responded with a detailed Plans Correction List, noting a number of concerns, including requirements for changes in the foundation and electrical system of the home.

Jensen sold the home to another party, who eventually sold the home to the Helms in 1994. While inspecting the home for the purpose of building an addition, the Helms found allegedly serious defects in the construction. After their notice of claim to Teton County was denied, the Helms filed suit against the Board and Jensen, claiming Teton County had breached its duty in inspecting the home, and raising two claims against Jensen which are irrelevant to this appeal. The Board responded with a motion for summary judgment based on governmental immunity. After a hearing, the district court determined that the relevant insurance policy

purchased by the Board did not cover the Helms' claim, and, therefore, the Board had not waived its governmental immunity. Accordingly, the district court granted summary judgment in favor of the Board. This timely appeal followed.

### III. STANDARD OF REVIEW

■ Summary judgment will be affirmed on appeal if there is no genuine issue of material fact and the prevailing party is entitled to judgment as a matter of law. W.R.C.P. 56(c). In this case, summary judgment was based on the district court's determination that the Board's insurance policy precluded coverage for the claim brought by the Helms. "As with any contract, interpretation of an unambiguous insurance contract presents an issue of law which may be appropriately considered by summary judgment." *Doctors' Co. v. Insurance Corp. of America,* 864 P.2d 1018, 1023 (Wyo.1993).

### IV. DISCUSSION

■ The general immunity afforded by the Wyoming Governmental Claims Act, Wyo. Stat. Ann. §§ 1–39–101 through 1–39–120 (Lexis 1999), will not apply when a governmental agency has purchased insurance coverage for the liability which is the subject of the suit. Wyo. Stat. Ann. § 1–39–118(b) (Lexis 1999). The sole issue on appeal is whether the district court correctly determined that the Board's Hartford Insurance Policy excluded the Helms' claim from coverage under that insurance policy, consequently leaving governmental immunity applicable to that claim. Because we find that the insurance policy precluded coverage of the Helms' claim under exclusion (a) of the insurance policy, we need not determine the issues arising under the second exclusion addressed by the district court.

■ An insurance policy is a contract subject to the general rules of contract construction. *Kirkwood v. CUNA Mut. Ins. Soc.,* 937 P.2d 206, 208 (Wyo.1997). A contract is interpreted and considered as a whole to discern the plain and ordinary meaning of the words used therein. *Squillace v. Wyoming State Employees' and Offi-*

*cials' Group Ins. Bd. of Admin.,* 933 P.2d 488, 491 (Wyo.1997) (*quoting Martin v. Farmers Ins. Exch.,* 894 P.2d 618, 620 (Wyo. 1995)). The plain meaning is the meaning that would be given by a reasonable person in the position of the insured. *Doctors' Co.,* 864 P.2d at 1023.

The Hartford Insurance Policy defined coverage as follows:

> We will pay on behalf of the insured all sums which the insured should become legally obligated to pay as *damages* because of *errors or omissions* injury to which this policy applies.

(Emphasis in original.) The insurance policy lists a number of specific exclusions, but we restate only the exclusion dispositive of this appeal:

> This policy does not apply to:
>
> a. ***Bodily injury, property damage, personal injury, advertising injury or employee benefits injury.***

(Emphasis in original.) The insurance policy defined property damage as:

> ***"Property damage"*** means:
>
> a. Physical injury to tangible property, including all resulting loss of use of that property; or
>
> b. Loss of use of tangible property that is not physically injured.

(Emphasis in original.)

The Helms claim that the exclusion for property damage does not apply in this case because they are seeking damages for diminution in the value of their home rather than damages for "[p]hysical injury to tangible property * * *." The Helms fail to recognize, however, that the property damage exclusion is not triggered by how they choose to characterize their damages, but by the substance of their claim. The operative facts here are similar to those in *Ricci v. New Hampshire Ins. Co.,* 721 P.2d 1081, 1085–86 (Wyo.1986), where we had occasion to address the term "property damage" as it applied to homes with defective construction.

In *Ricci,* homeowners who discovered water seepage in the basements of their respective homes filed an action against the builders, and the several homeowners were

awarded damages for the diminution in value of their homes. *Id.* at 1083. Unable to procure payment from the defendants, the homeowners filed an action for recovery against the defendants' insurance companies. *Id.* at 1084. The district court granted summary judgment to the insurance companies, finding the policies did not provide coverage for the claim which gave rise to the homeowners' initial award. *Id.*

On appeal, we affirmed the district court, noting the relevant policies provided "separately for exclusions of ***property damage*** to the insured's products arising out of the products or any part of the products and, in addition, to ***property damage*** to work performed by or on behalf of the insured arising out of the work or any portion thereof, or out of materials, parts, or equipment furnished in connection therewith." *Id.* at 1085 (emphasis added). We concluded that this policy language "plainly excludes those events which gave rise to the claims for damages by the homeowners against" the builders. *Id.*

■ It is well recognized that the installation of a defect into a building is physical injury as defined in insurance policies. *See Eljer Mfg., Inc. v. Liberty Mut. Ins. Co.*, 972 F.2d 805, 814 (7th Cir.1992), *cert. denied*, 507 U.S. 1005, 113 S.Ct. 1646, 123 L.Ed.2d 267 (1993); *United States Fidelity and Guar. Co. v. Wilkin Insulation Co.*, 193 Ill.App.3d 1087, 140 Ill.Dec. 907, 550 N.E.2d 1032, 1038 (1989), *aff'd*, 144 Ill.2d 64, 161 Ill.Dec. 280, 578 N.E.2d 926 (1991); and *Village of Cam-den v. National Fire Ins. Co. of Hartford*, 155 Misc.2d 607, 589 N.Y.S.2d 293, 295–96 (1992), *aff'd*, 195 A.D.2d 1091, 603 N.Y.S.2d 781 (1993). Here, the Helms' complaint charged that the county's breach of duty resulted in a home with serious defects rendering the home unsafe and virtually uninhabitable. Thus, the diminution in value stems directly from the damage to the property occasioned by the builders' installation of a defect and/or from the loss of use of the property. This injury falls squarely within the plain language of the insurance policy exclusion. The district court correctly found that governmental immunity was not waived and properly granted summary judgment in favor of the Board.

## V. CONCLUSION

The Helms' claim for injury resulting from the defective construction of their home falls within the property damage exclusion in the Hartford Insurance Policy purchased by the Board. Because the insurance policy does not cover the Board's liability in this instance, there is no waiver of governmental immunity. Summary judgment in favor of the Board is affirmed.