■ YOLANDA GARCIA, Appellant, v QUEENS SURFACE CORP. et al., Respondents, et al., Defendant. [707 NYS2d 53] —Order, Supreme Court, Bronx County (Joseph Giamboi, J.), entered February 5, 1999, which granted the motions of defendants Queens Surface Corp., Gerald M. Tierney, Pala Lulaj and Violetta Lulaj for a new trial unless plaintiff stipulated to reduce her awards for past and future pain and suffering from $150,000 and $450,000 to $75,000 and $150,000, respectively, unanimously reversed, on the facts, without costs, the motions denied and the verdict reinstated.

There is little disagreement between the parties on the facts surrounding plaintiff's injury, its effects and its treatment. Plaintiff, who had been a very active and athletic 28-year old at the time of the accident, suffered a torn medial meniscus,

which was removed in the first surgery, following which degenerative arthritis began to develop in the inner part of the knee and the undersurface of the patella. Three years after the first surgery, a second surgery was required, in which the surgeon performed a lateral retinacula release to allow the kneecap to return to its normal position, correcting its shift outward due to scarring. Plaintiff had been disabled from work for eight months, and ultimately required reassignment by her employer to a different position with fewer physical duties. She continues to experience pain, swelling and buckling of the knee, and she is no longer able to participate in athletic activities, as a result of which she has gained 35 to 40 pounds. She has difficulty bending, kneeling, squatting, climbing, running, and even walking for a sustained period of time, and can expect ongoing development of arthritic changes and chondromalacia. The one hotly disputed fact is whether the record supports a finding that plaintiff now walks with a limp.

Given the foregoing injuries, we conclude that the jury's award did not materially exceed reasonable compensation. Even leaving aside plaintiff's assertion that she continues to limp, which, if proven, would constitute a disfigurement requiring substantial damages (*see, Cruz v Manhattan & Bronx Surface Tr. Operating Auth.*, 259 AD2d 432), review of this Court's recent decisions considering comparable cases leads us to conclude that the jury's award to plaintiff was not excessive (*see, e.g., Lanpont v Savvas Cab Corp.*, 244 AD2d 208; *Salop v City of New York*, 246 AD2d 305).

When comparing injuries and awards, it is incumbent upon us to consider not only the type of injury and the level of pain, but the period of time for which that pain is being calculated. For the five-year period of plaintiff's past pain and suffering, the award of $150,000 is reasonable compensation. Particularly keeping in mind that the award for plaintiff's future pain and suffering is for a period of 20 years, the total sum of $450,000 is also reasonable. Concur—Rosenberger, J. P., Williams, Ellerin and Saxe, JJ.