■ TISHMAN CONSTRUCTION CORP. OF NEW YORK et al., Respondents, v AMERICAN MANUFACTURERS MUTUAL INSURANCE COMPANY et al., Appellants, et al., Defendant. [757 NYS2d 535] —Order and judgment (one paper), Supreme Court, New York County (Paula Omansky, J.), entered October 29, 2001, declaring that defendant American Manufacturers Mutual Insurance Company (AMMI) must reimburse plaintiffs construction manager (Tishman) and property owner for all of their defense costs in an underlying personal injury action brought against them by an employee (O'Keefe) of one of Tishman's subcontractors (Newport), and that AMMI must indemnify Tishman and the property owner for the settlement in the O'Keefe action up to the extent of its applicable policy limits, unanimously modified, on the law, to remand for a hearing on the reasonableness of the defense costs claimed, and otherwise affirmed, without costs. Appeals from orders and/or judgments, same court and Justice, entered January 16, 2001, May 16, 2001 and on or about August 20, 2001 unanimously dismissed, without costs, as superseded by the appeal from the October 29, 2001 order and judgment.

Tishman contracted with defendant Newport to perform painting work on the subject project. Under the contract, Newport was obligated to procure primary commercial liability insurance coverage for Tishman and the property owner. In accordance therewith, Newport obtained a policy from AMMI that included an additional insured endorsement providing coverage to any entity that Newport was contractually required to insure for liability arising out of Newport's "work" for that additional insured. AMMI contends that it should not be held to this endorsement because O'Keefe, at the time of the accident, was not doing Newport's work but rather was acting as Tishman's special employee, in that he was acting under Tishman's exclusive control and supervision, and performing work in tandem with a Tishman employee, pursuant to a dangerous

method of work devised by Tishman that was the subject of an unsigned change order that was not part of the Newport's painting contract.

This Court has "consistently held that any negligence by the additional insured in causing the accident underlying the claim is not material to the application of the additional insured endorsement" (*Consolidated Edison Co. v United States Fid. & Guar. Co.*, 263 AD2d 380, 382 [1999]). Since there is no dispute that Newport was the painting contractor and, at a minimum, O'Keefe's general employer, and no dispute that O'Keefe was injured while performing painting work, his activity related to the work performed by Newport under the contract, and, accordingly, was within the endorsement (*see id.*). Nor was the work that O'Keefe was doing at the time of the accident beyond the scope of the Tishman/Newport contract simply because the change order that Tishman issued nine months after the accident to evidence this and other work was never signed. The additional work was the result of a walk-through by the property owner who wanted an item painted a different color, whereupon Newport prepared and signed a proposal for the additional work. As it appears from the change order that Newport performed and was paid for the work described in its proposal by an offset against a back charge due Tishman, the inference is inescapable that the proposal was accepted.

The IAS court also correctly held that the policy issued to Tishman and the property owner by Zurich Insurance Company was excess to the AMMI policy. As already noted, AMMI was contractually obligated to provide primary coverage. The Zurich policy provided that its coverage would be excess where there was "[a]ny other primary insurance available to you covering liability for damages arising out of the premises or operations for which you have been added as an additional insured by attachment of an endorsement." There is nothing ambiguous about this provision. Nor is there anything ambiguous about the additional insured endorsement in the AMMI policy and its extension of coverage to Tishman and the property owner, even though they were not identified by name.

AMMI is not entitled to a hearing as to the reasonableness of the underlying settlement, as it never challenged the reasonableness of the settlement amount in the proceedings before the Supreme Court despite raising numerous other objections (*see Village of Camden v National Fire Ins. Co.*, 155 Misc 2d 607, 611 [1992], *affd without op* 195 AD2d 1091 [1993]; *but see Atlantic Cement Co. v Fidelity & Cas. Co.*, 63 NY2d 798, 801-802 [1984], *affg* 91 AD2d 412, 419-420 [1983]). AMMI did chal-

lenge the reasonableness of the claimed defense costs, and we modify to remand for a hearing on that issue.

We have considered defendants' other arguments and find them unavailing.

Reargument granted and upon reargument, the decision and order of this Court entered herein on November 7, 2002 (299 AD2d 169 [2002]) is hereby recalled and vacated. Concur— Tom, J.P., Rosenberger, Friedman and Gonzalez, JJ.