■ STB INVESTMENTS CORPORATION et al., Respondents, v STERLING & STERLING, INC., Appellant. [35 NYS3d 1]—

Order, Supreme Court, New York County (Eileen Bransten, J.), entered December 17, 2015, which, insofar as appealed

from as limited by the briefs, denied defendant's motion to compel production of communications with nonparty insurance brokers, documents concerning the demolition, and documents concerning the underlying actions, unanimously modified, on the facts and in the exercise of discretion, to deny the motion as to requests 16, 17, and 24, without prejudice to the service of a more narrowly tailored discovery demand in accordance herewith, and otherwise affirmed, without costs.

Plaintiff real estate owners and managers seek indemnification from defendant insurance broker in the event that they are held liable in underlying personal injury and wrongful death actions arising out of the collapse of their building in Pennsylvania during the course of demolition. Plaintiffs allege that defendant negligently failed to obtain umbrella insurance on the demolished building, and failed to advise plaintiffs that no such insurance was in place. Defendant seeks to compel plaintiffs to produce certain requested documents.

The motion court correctly found that plaintiffs' communications with third-party insurance brokers (about topics other than demolition insurance) are not "material and necessary" in the defense of this action, including the allegation that the parties had a "special relationship" justifying insurance broker liability (see Voss v Netherlands Ins. Co., 22 NY3d 728, 734-735 [2014]; CPLR 3101 [a]). Contrary to defendant's suggestion, plaintiffs do not base their claim of a special relationship on a "course of dealing over an extended period of time" (see id. at 735 [internal quotation marks omitted]; they base it on a particular "interaction regarding a question of coverage"— namely, insurance for the demolition project (see id.). Accordingly, communications with other insurance brokers are not relevant unless they concern the demolition project. Because all documents "concerning insurance coverage for the Demolition Project" have been produced, there is nothing further to compel.

The motion court also correctly found that documents concerning the underlying actions are not material and necessary—at least not at this time. In the event plaintiffs are awarded damages in the underlying actions, no further information will be necessary to calculate defendant's damages—the amount awarded, up to the alleged $35 million policy limit. In the event the underlying actions settle, defendant may be entitled to "a trial as to the reasonableness of the amounts paid in settlement" (Atlantic Cement Co. v Fidelity & Cas. Co. of N.Y., 63 NY2d 798, 801-802 [1984]). Some subset of documents related to the underlying actions may be relevant to

this reasonableness determination, but certainly not the broad category of documents defendant now seeks. Moreover, once damages are awarded or a settlement entered, defendant may also be entitled to discovery regarding whether the awards are punitive in nature, and thus not indemnifiable (*see Home Ins. Co. v American Home Prods. Corp.*, 75 NY2d 196, 200-201 [1990]). However, since no damages have yet been awarded or settlement reached, discovery on this issue is premature.

Although the motion court correctly found that most documents concerning the demolition (excluding documents related to the demolition insurance) are not material and necessary, defendant is entitled to limited discovery on the issue of proximate causation, i.e., whether and at what rate or under what conditions plaintiffs would have obtained insurance, but for defendant's alleged negligence (*see American Motorists Ins. Co. v Salvatore*, 102 AD2d 342, 346 [1st Dept 1984]). However, defendant's request for all documents concerning the demolition project is overbroad. Accordingly, we give defendant leave to serve a more narrowly tailored demand. Concur—Tom, J.P., Sweeny, Moskowitz, Richter and Gesmer, JJ.